STATE AUTOMOBILE MUTUAL INSURANCE COMPANY *v.* TITANIUM METALS CORPORATION ET AL.; OHIO BRIQUETTING, L.L.C., APPELLEE; OAKWOOD VILLAGE FIRE DEPARTMENT, APPELLANT.

[Cite as *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713.]

(No. 2005–0311—Submitted November 30, 2005—Decided April 19, 2006.)

LUNDBERG STRATTON, J.

{¶ 1} This matter is before the court upon our acceptance of a discretionary appeal. It comes to us as an appeal from the trial court's denial of a Civ.R. 12(B)(6) motion to dismiss that was affirmed by the court of appeals. Because the trial court's journal entry was not a final, appealable order, we vacate the judgment of the court of appeals and remand to the trial court for further proceedings.

{¶ 2} The underlying complaint in this matter, filed by State Automobile Mutual Insurance Company ("State Auto") on March 26, 2003, asserted a cause of action in negligence to recoup proceeds that it had paid to State Auto's insureds following a fire on November 15, 2002. Appellee, Ohio Briquetting, L.L.C., was a tenant in the building in which State Auto's insureds did business. State Auto claimed that Ohio Briquetting's failure to inspect the titanium that it used in its briquetting process caused the fire that resulted in the losses.

{¶ 3} On May 30, 2003, Ohio Briquetting filed a third-party complaint against the Oakwood Village Fire Department and Jack Maji, the village's then fire chief, for contribution and/or indemnity. The third-party complaint alleged that the fire department and its fire chief acted recklessly and with gross negligence by using an improper fire suppressant that caused explosions and substantially exacerbated the fire.

{¶ 4} Oakwood Village filed a motion to dismiss the third-party complaint pursuant to Civ.R. 12(B)(6). In a brief in support of that motion, Oakwood Village alleged that it was a political subdivision engaged in a governmental function at the time of the fire and that it was therefore immune from liability under the Ohio Political Subdivision Tort Liability Act, R.C. Chapter 2744. In addition, Oakwood Village alleged that R.C. 2744.05(B) precludes political-subdivision liability for indemnity or contribution on a subrogation claim.

{¶ 5} On September 19, 2003, the trial court denied the motion to dismiss without opinion. Oakwood filed a notice of appeal pursuant to R.C. 2744.02(C), as amended effective April 9, 2003,[1] which provides:

{¶ 6} "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

{¶ 7} Arguing that the statute applies prospectively only, Ohio Briquetting moved to dismiss the appeal for lack of a final, appealable order. The court of appeals denied the motion without opinion.

{¶ 8} "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. "Generally, an order denying a motion to dismiss is not a final order." *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 103, 616 N.E.2d 213. The reason is that a motion to dismiss is a procedural mechanism that tests the sufficiency of the allegations in the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. When considering a Civ.R. 12(B)(6) motion, "a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory." *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 667, 653 N.E.2d 1186. "[T]he movant may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d at 548, 605 N.E.2d 378. Here, Oakwood asserted

---

1. Am.Sub.S.B. No. 106, 149 Ohio Laws, Part II, 3500, 3508–3509.

appellate jurisdiction based upon R.C. 2744.02(C). Ohio Briquetting argued that the statute applies prospectively only.

{¶ 9} Because the appellate court proceeded to adjudicate the merits of this case, the parties did not appeal the question of the applicability of R.C. 2744.02(C). Therefore, because the issue is not ripe, we express no opinion on whether the April 9, 2003 version of R.C. 2744.02(C) applies.

{¶ 10} Nevertheless, there is no final, appealable order. The trial court provided no explanation for its decision to deny the motion to dismiss. The court made no determination as to whether immunity applied, whether there was an exception to immunity, or whether R.C. 2744.05(B)(1) precludes contribution as the basis for its decision. The court did not dispose of the case.

{¶ 11} At this juncture, the record is devoid of evidence to adjudicate the issue of immunity because it contains nothing more than Ohio Briquetting's third-party complaint and Oakwood's Civ.R. 12(B)(6) motion to dismiss. No fact-finding or discovery has occurred. The trial court's denial of the motion to dismiss merely determined that the complaint asserted sufficient facts to state a cause of action.

{¶ 12} There being no final, appealable order, the court of appeals lacked jurisdiction to consider this matter. The court of appeals considered the issue of immunity prematurely. The record below must be developed in order to reach this issue. Therefore, we vacate the judgment of the court of appeals in its entirety and all conclusions regarding the public-duty doctrine. We remand this matter to the trial court for further proceedings consistent with this opinion.

Judgment vacated
and cause remanded.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Davis & Young, and Thomas J. Connick; Levy & Dubyak and Robert J. Dubyak, for appellee.

Mazanec, Raskin & Ryder Co., L.P.A., and John T. McLandrich, for appellant.

Himmelrick & Welch, L.L.C., and Porter R. Welch, urging reversal for amici curiae Ohio State Firefighters' Association and Ohio Fire Chiefs' Association.

Barry M. Byron, Stephen L. Byron, and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.