JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, the city of Cleveland, appeals the trial court's judgment denying its motion to dismiss. We dismiss for lack of a final appealable order.
 {¶ 2} Richard F. Grassia ("Grassia"), an employee of the City, and his wife, Karen Grassia, initiated this intentional tort action against the City in October 2007. The City filed a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted, arguing immunity under R.C. 2744.02. Grassia opposed the City's motion, and argued that because he brought his action as an employee of the City and not as a private citizen, R.C. 4123.74, rather than R.C. 2744.01, governed the case. The trial court denied the City's motion without elaboration.
 {¶ 3} "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." Gen. Acc. Ins. Co. v. Ins. Co. ofN. Am. (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. Generally, the denial of a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim is not a final, appealable order. State Auto Mut. Ins. Co. v.Titanium Metals Corp., 108 Ohio St.3d 540, 2006-Ohio-1713,844 N.E.2d 1199.
 {¶ 4} R.C. 2744.02(C), as amended effective April 9, 2003, provides: *Page 4 
 {¶ 5} "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."
 {¶ 6} The Supreme Court of Ohio has held, however, that there is no final appealable order when the trial court does not provide an explanation for its decision to deny a motion to dismiss. State Auto.Mut. Ins. Co. at T|10. In that case, a third-party complaint was filed against Oakwood Village Fire Department, and the Department filed a motion to dismiss based on immunity under R.C. Chapter 2744. The trial court denied the motion without elaboration, and the Department appealed. On appeal, the third-party plaintiff moved to dismiss the appeal, arguing that R.C. 2744.02(C) (effective April 9, 2003) did not apply to the underlying incident in that case which occurred on November 15, 2002. This court denied the motion, and decided the case on the merits. State Auto. Mut. Ins. Co. v. Titanium Metals Corp.,159 Ohio App.3d 338, 2004-Ohio-6618, 823 N.E.2d 934.
 {¶ 7} Without deciding whether R.C. 2744.02(C) applied, the Supreme Court held:
 {¶ 8} "Nevertheless [i.e., regardless of whether R.C. 2744.02(C) applies], there is no final, appealable order. The trial court provided no explanation for its decision to deny the motion to dismiss. The court made no determination as to whether immunity applied, whether there was an exception to immunity, or whether *Page 5 
R.C. 2744.05(B)(1) precludes contribution as the basis for its decision. The court did not dispose of the case.
 {¶ 9} "At this juncture, the record is devoid of evidence to adjudicate the issue of immunity because it contains nothing more than [the] third-party complaint and Oakwood's Civ. R. 12(B)(6) motion to dismiss. No fact-finding or discovery has occurred. The trial court's denial of the motion to dismiss merely determined that the complaint asserted sufficient facts to state a cause of action." State Auto. Mut.Ins. Co., 108 Ohio St.3d 540, TJ10-11.
 {¶ 10} The Supreme Court further stated that "[t]he record below must be developed in order to reach [the] issue" of immunity, and remanded the case to the trial court. Id. at ¶ 12.
 {¶ 11} Because the court denied the City's motion in this case without elaboration and there is, therefore, no record on the issue of immunity, based on the authority of the Supreme Court's decision in State Auto.Mut. Ins. Co., there is no final appealable order and we must dismiss.[1] *Page 6 
Appeal dismissed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and ANN DYKE, J., CONCUR
[1] In Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839,873 N.E.2d 878, the Supreme Court held that the denial of a governmental entity's motion for summary judgment on the issue of sovereign immunity due to the existence of genuine issues of material fact is a final appealable order under R.C. 2744.02(C). Id. at]}27. The Court noted, however, that its opinion in State Auto. Mut. Ins. Co. was distinguishable fromHubbell. Specifically, the court noted the different procedural postures of the cases: State Auto. Mut. Ins. Co. was not decided under R.C. 2744.02(C), but "[r]ather, relying on traditional concepts, [the Court] held that there was no final, appealable order in the current posture of the case and sent the case back to the trial court." Id. at]}19. In contrast, in Hubbell, "the record contained] evidence upon which the trial court denied the motion for summary judgment, so as to deny Xenia `the benefit of an alleged immunity from liability.'" Id. at ¶ 20, quoting R.C. 2744.02(C). *Page 1