[Cite as *Young v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities*, 2011-Ohio-2291.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95955

# JAMES YOUNG, ADMINISTRATOR

## PLAINTIFF-APPELLEE

### vs.

# CUYAHOGA COUNTY BOARD OF MRDD, ET AL.

## DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-656218

**BEFORE:**   E. Gallagher, J., Sweeney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   May 12, 2011

**ATTORNEY FOR APPELLANTS**

Nick C. Tomino, Esq.
Tomino & Latchney, L.L.C., L.P.A.
803 East Washington Street, Suite 200
Medina, Ohio 44256


**ATTORNEYS FOR APPELLEE**

Stuart E. Scott, Esq.
Peter J. Brodhead, Esq.
Nicholas A. Dicello, Esq.
Melissa Z. Kelly, Esq.
Spangenberg, Shibley & Liber, L.L.P.
1001 Lakeside Avenue, East
Suite 1700
Cleveland, Ohio 44114

Mark S. Fishman, Esq.
526 Superior Avenue
The Leader Building, Suite 853
Cleveland, Ohio 44114


EILEEN A. GALLAGHER, J.:

{¶ 1} The Cuyahoga County Board of Mental Retardation and Developmental Disabilities (hereinafter the Board), appeals from the decision of the trial court denying its motion for judgment on the pleadings. The Board claims it was entitled to immunity under Ohio's Political Subdivision Tort Liability Act and that the trial court committed reversible error in not

recognizing such immunity. For the following reasons, we dismiss the appeal for lack of a final appealable order.

{¶ 2} According to the complaint filed by James Young, this case arises out of the March 17, 2008 death of Young's daughter, Kimberly Young, who died when Dennis Simpson, a bus driver employed by the Board, struck her as she was walking southbound in the crosswalk of Chester Avenue in Cleveland at the intersection of East 55th Street. Young's complaint alleges that mandatory post-crash drug testing revealed that Simpson had cocaine in his system. Simpson later pleaded guilty to aggravated vehicular homicide and driving under the influence of alcohol and drugs.

{¶ 3} Young, as administrator of his daughter's estate, alleged in his brief that during Simpson's employ with the Board, Simpson incurred two traffic violations for driving under the influence, one in the late 1980's or early 1990's and a second on June 20, 2003. Young further alleged that the Board was aware of each of Simpson's convictions prior to March 17, 2008.

{¶ 4} Accordingly, on April 4, 2008, Young filed a wrongful death action, alleging that the Board was vicariously liable for Kimberly's death on the basis of Simpson's negligent driving. Young amended his complaint on March 29, 2010, in which he added a claim against the Board for reckless retention and/or supervision.

{¶ 5} In response, the Board filed a Civ.R. 12(C) motion for judgment on the pleadings, seeking dismissal of Young's reckless retention and/or supervision claim. In its motion, the Board argued that it was entitled to immunity under Ohio's Political Subdivision Tort Liability Act, R.C. 2744.01, et seq. On November 1, 2010, the trial court denied the Board's motion without elaboration.

{¶ 6} The Board filed the instant appeal from that order, on the same date, alleging the following assignment of error:

{¶ 7} "The trial court committed reversible error when it denied Defendant's Motion for Judgment on the Pleadings based on immunity under Revised Code Chapter 2744 as to Count Two of Plaintiff's Second Amended Complaint for Defendant's negligent retention and/or supervision of its employee."

{¶ 8} Before addressing the merits of appellants' claims, we must first address Young's argument that this Court is without jurisdiction to hear the instant appeal. Young argues that the trial court's journal entry of November 1, 2010 does not vest this Court with jurisdiction because it does not set forth the reasons for the trial court's decision and is therefore not a final appealable order, regardless of the Board's reliance on R.C. 2744.02(C) as the basis for jurisdiction. We agree with Young's argument.

**{¶ 9}** "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266. Generally, orders denying a political subdivision the benefit of immunity are final orders. R.C. 2744.02(C), provides as follows:

**{¶ 10}** "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

**{¶ 11}** The Ohio Supreme Court has held, however, that there is no final appealable order when the trial court does not provide an explanation for its decision to deny a motion to dismiss. *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.,* 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199. In that case, a third-party complaint was filed against Oakwood Village Fire Department, and the department filed a motion to dismiss based on immunity under R.C. Chapter 2744. The trial court denied the motion without elaboration, and the department appealed. On appeal, the court decided the case on the merits. *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.,* 159 Ohio App.3d 338, 2004-Ohio-6681, 823 N.E.2d 934.

**{¶ 12}** Without deciding whether R.C. 2744.02(C) applied, the Supreme Court held:

{¶ 13} "Nevertheless [i.e., regardless of whether R.C. 2744.02(C) applies], there is no final, appealable order. The trial court provided no explanation for its decision to deny the motion to dismiss. The court made no determination as to whether immunity applied, whether there was an exception to immunity, or whether R.C. 2744.05(B)(1) precludes contribution as the basis for its decision. The court did not dispose of the case."

{¶ 14} "At this juncture, the record is devoid of evidence to adjudicate the issue of immunity because it contains nothing more than Ohio Briquetting's third-party complaint and Oakwood's Civ.R. 12(B)(6) motion to dismiss. No fact-finding or discovery has occurred. The trial court's denial of the motion to dismiss merely determined that the complaint asserted sufficient facts to state a cause of action." Id. at ¶10-11.

{¶ 15} The Supreme Court further stated that "[t]he record below must be developed in order to reach [the] issue of immunity, and remanded the case to the trial court." Id. at ¶12.

{¶ 16} Because the court denied the Board's motion in this case without elaboration and there is, therefore, no record on the issue of immunity, based on the authority of the Supreme Court's decision in *State Auto. Mut. Ins. Co.,* there is no final appealable order and we must dismiss.[1] See, also, *Wade v.*

---

[1]In *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, the Supreme Court held that the denial of a governmental entity's motion for summary judgment on the issue of sovereign immunity due to the existence of genuine issues

*Stewart,* Cuyahoga App. No. 93405, 2010-Ohio-164; *Grassia v. Cleveland,* Cuyahoga App. No. 91013, 2008-Ohio-3134; *Vaughn v. Cleveland Muni. School Dist., et al.*, Cuyahoga App. No. 86848, 2006-Ohio-2572.

Appeal dismissed.

Accordingly, the appeal is dismissed and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover of appellants its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

---

of material fact is a final appealable order under R.C. 2744.02(C). Id. at ¶27. The Court noted, however, that its opinion in *State Auto. Mut. Ins. Co.* was distinguishable from *Hubbell.* Specifically, the court noted the different procedural postures of the cases: *State Auto. Mut. Ins. Co.* was not decided under R.C. 2744.02(C), but "[r]ather, relying on traditional concepts, [the Court] held that there was no final, appealable order in the current posture of the case and sent the case back to the trial court." Id. at ¶19. In contrast, in *Hubbell*, "the record contain[ed] evidence upon which the trial court denied the motion for summary judgment, so as to deny *Xenia*, 'the benefit of an alleged immunity from liablity.'" Id. at ¶20, quoting R.C. 2744.02(C).