[Cite as *DiGiorgio v. Cleveland*, 196 Ohio App.3d 575, 2011-Ohio-5824.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
EN BANC
**No. 95945**

## DiGiorgio et al.,

Appellees,

v.

## City of Cleveland et al.,

Appellants.

## DECISION EN BANC

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-700625

**BEFORE:** En Banc Court

**RELEASED AND JOURNALIZED:** November 10, 2011

**ATTORNEYS:**

Spangenberg, Shibley & Liber, L.L.P., William B. Eadie, and Rhonda Baker Debevec, for appellees.

Barbara A. Langhenry, Interim Director of Law, and Awatef Assad and William F. Gibson, Assistant Directors of Law, for appellants city of Cleveland, Michael McGrath, James Gibian, Patrick J. McLain, and Michael A. Lawrence.

Jones Day and Peter G. Hilbert, for Durraymus Gillis.

Law Offices of Irina Vinogradsky and Irina Vinogradsky, for Dontez D. Hairston.

Ronald Robinson, for Davonte Johnson.

Ulmer & Berne, L.L.P., and Bari E. Goggins, for Devonta McIntyre.

KATHLEEN ANN KEOUGH, Judge.

**{¶ 1}** Pursuant to App.R. 26 and Loc.App.R. 26, the en banc court determined that a conflict existed between decisions in this district on the question whether the unexplained denial of a motion to dismiss and/or for judgment on the pleadings on sovereign-immunity grounds was a final, appealable order. Compare *Young v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities*, Cuyahoga App. No. 95955, 2011-Ohio-2291; *Wade v. Stewart*, Cuyahoga App. No. 93405, 2010-Ohio-164; and *Grassia v. Cleveland*, Cuyahoga App. No. 91013, 2008-Ohio-3134, with *Fink v. Twentieth Century Homes, Inc.*, Cuyahoga App. No. 94519, 2010-Ohio-5486; and *Parsons v. Greater Cleveland Regional Transit Auth.*, Cuyahoga App. No. 93523, 2010-Ohio-266. We undertook en banc consideration of this matter sua sponte and convened an en banc conference in accordance with *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672.

**{¶ 2}** We find that the trial court's decision in this matter is a final, appealable order pursuant to the Ohio Supreme Court's decision in *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878. Therefore, the panel will determine the merits of this appeal.

**{¶ 3}** The city of Cleveland, its police chief, a police sergeant, and two police officers (collectively, the "municipal defendants") appeal from the denial of their motion to dismiss and/or for judgment on the pleadings as to all claims against them. Below, they argued that the complaint's allegations against them were insufficient and that they were immune from liability under R.C. Chapter 2744. The trial court denied their motion without opinion. The issue before us is whether this ruling is an appealable order.

**{¶ 4}** "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. Generally, an order denying a motion to dismiss is not a final, appealable order. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 103, 616 N.E.2d 213. However, under R.C. 2744.02(C), "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

**{¶ 5}** In *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, the Ohio Supreme Court held that under R.C. 2744.02(C), a judgment denying a motion for summary judgment in which a political subdivision seeks immunity protection under R.C. Chapter 2744 is a final, appealable order. Although decided in the context of a motion for summary judgment, the *Hubbell* court made clear that its holding was not limited to motions for summary judgment, stating:

**{¶ 6}** "[T]he use of the words 'benefit' and 'alleged' illustrates that the scope of this provision is not limited to orders delineating a 'final' denial of immunity. R.C. 2744.02(C) defines as final a denial of the 'benefit' of an 'alleged' immunity, not merely a denial of immunity. Therefore, the plain language of R.C. 2744.02(C) does not require a final denial of immunity before the political subdivision has the right to an interlocutory appeal.

**{¶ 7}** "* * *

**{¶ 8}** "[W]e hold that when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C)." Id. at ¶ 12, 27.

**{¶ 9}** The *Hubbell* court explained the policy reasons for its broad interpretation of R.C. 2744.02(C) as follows:

{¶ 10} "'As the General Assembly envisioned, the determination of immunity [should] be made prior to investing the time, effort, and expense of the courts, attorneys, parties, and witnesses * * *.'" Id. at ¶ 26, quoting *Burger v. Cleveland Hts.* (1999), 87 Ohio St.3d 188, 199-200, 718 N.E.2d 912.

{¶ 11} Since *Hubbell* was decided, this court and others have repeatedly held that a trial court's judgment denying a motion for judgment on the pleadings or motion to dismiss when a political subdivision has asserted immunity is a final, appealable order. See, e.g., *Rucker v. Newburgh Hts.*, Cuyahoga App. No. 89487, 2008-Ohio-910 (judgment denying city's Civ.R. 12(C) motion for judgment on the pleadings was a final, appealable order pursuant to *Hubbell); Pearson v. Warrensville Hts. City Schools*, Cuyahoga App. No. 88527, 2008-Ohio-1102 (judgment denying municipal schools' motion for judgment on the pleadings was a final, appealable order pursuant to *Hubbell*); *Stevenson v. ABM*, Medina App. No. 07CA0009-M, 2008-Ohio-3214 (noting that Ohio Supreme Court reversed appellate court's dismissal of an appeal for lack of a final, appealable order on the authority of *Hubbell* and remanded for appellate court to conduct de novo review of trial court's denial of municipality's Civ.R. 12(B)(6) motion for judgment on the pleadings based on sovereign immunity); *Slonsky v. J.W. Didado Elec., Inc.*, Summit App. No. 24228, 2008-Ohio-6791 (holding, on authority of *Hubbell*, that trial court erred in finding that defense of sovereign immunity cannot be raised in a motion to dismiss); *Parsons v. Greater Cleveland Regional Transit Auth.*, Cuyahoga App. No. 93523, 2010-Ohio-266 (trial court's judgment denying public transit authority's Civ.R. 12(B)(6) motion to dismiss because of statutory immunity was a final, appealable order pursuant to *Hubbell*); *Fink v. Twentieth Century Homes, Inc.*, Cuyahoga App. No. 94519, 2010-Ohio-5486 (trial court's judgment denying city's Civ.R. 12(B)(6) motion to dismiss was a final, appealable order on the authority of *Hubbell*); *Summerville v. Forest Park*, 128 Ohio St.3d 221,

2010-Ohio-6280, 943 N.E.2d 522 (citing with approval *Paul C. Harger Trust v. Morrow Cty. Regional Planning Comm.*, Morrow App. No. 03-CA-19, 2004-Ohio-6643, which held that trial court's denial of municipal defendant's motion for judgment on the pleadings was final and appealable pursuant to R.C. 2744.02(C)).

{¶ 12} Appellees argue, in reliance on *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199, that the trial court's judgment in this case is not a final, appealable order because the trial court denied the motion to dismiss without opinion and offered no explanation for its decision. In *Titanium Metals*, the Ohio Supreme Court considered an appeal in which the trial court denied a motion to dismiss based on immunity without opinion. The Supreme Court found that there was no final, appealable order because the trial court had not provided an explanation for its decision. The court reasoned that the trial court had "made no determination as to whether immunity applied, [or] whether there was an exception to immunity" and hence had not disposed of the case. Id. at ¶ 10.

{¶ 13} This court adopted the reasoning of *Titanium Metals* in *Grassia*, 2008-Ohio-3134, and dismissed the city's appeal of the trial court's denial of its Civ.R. 12(B)(6) motion for judgment on the pleadings for lack of a final, appealable order, because the trial court denied the motion without explanation. See also *Vaughn v. Cleveland Mun. School Dist.*, Cuyahoga App. No. 86848, 2006-Ohio-2572 (holding that *Titanium Metals* compelled dismissal of trial court's order denying motion for summary judgment that asserted political immunity because trial court denied motion without explanation or opinion).

{¶ 14} But, as the dissent in *Hubbell* makes clear, the Ohio Supreme Court "distance[d] itself" from *Titanium Metals* in *Hubbell* and held that "[d]enials of Civ.R. 12(B)(6) motions and motions for a directed verdict, as well as denials of multiple motions for summary judgment, can

now be immediately appealed." Id. at ¶ 33, 39 (Pfeifer, J., dissenting). And since *Grassia*, this court has recognized that trial court orders denying motions to dismiss asserting immunity, even where the court has not offered an explanation for its decision, are final, appealable orders under the authority of *Hubbell*. See, e.g., *Parsons*, 2010-Ohio-266, at ¶ 5; *Wade*, 2010-Ohio-164, at ¶ 21 (S. Gallagher, J., concurring in judgment only) ("[T]he denial of a motion to dismiss does constitute a final, appealable order under R.C. 2744.02(C)").[1]

{¶ 15} Recently, in *Young*, 2011-Ohio-2291, also cited by appellees, this court dismissed an appeal of a trial court's judgment denying a governmental entity's motion for judgment on the pleadings asserting immunity. Relying on *Titanium Metals*, this court held that the appeal was not final because the trial court did not set forth the reasons for its decision in its journal entry. The Ohio Supreme Court declined jurisdiction to hear the governmental entity's appeal. *Young v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities*, 129 Ohio St.3d 1504, 2011-Ohio-5358, 955 N.E.2d 386. Nevertheless, the en banc court is convinced, on the authority of *Hubbell* and cases cited above, that the denial of a motion to dismiss is a final, appealable order under R.C. 2744.02(C), even when the trial court does not explain the reasons for its decision. Accordingly, we overrule *Young*, *Wade*, and *Grassia* and hold that the trial court's order denying the municipal defendants' motion to dismiss is a final, appealable order under R.C. 2744.02(C), even if the order does not explain the basis for the court's decision.

{¶ 16} Our en banc proceeding was prompted only by the question whether the trial court's order was final and appealable. Consequently, we will not address the other issues in this case en banc, but leave those issues to the merit panel's judgment.

---

[1]Appellees' reliance on *Wade* is misplaced. In *Wade,* the court specifically found that R.C. 2744.02(C) did not apply as the alleged injuries occurred between 2001 and 2002, prior to the effective date of the statute. Id., 2010-Ohio-164, at ¶ 7.

Judgment accordingly.

KILBANE, A.J., and BLACKMON, CELEBREZZE, E. GALLAGHER, S. GALLAGHER, JONES, ROCCO, STEWART and SWEENEY, JJ., concur.

COONEY, J., concurs in part and dissents in part with separate opinion.

BOYLE, J., concurs with the separate opinion of Judge Cooney.

COLLEEN CONWAY COONEY, Judge, concurring in part and dissenting in part.

{¶ 17} I concur in the overruling of *Young v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities*, 129 Ohio St.3d 1504, 2011-Ohio-5358, 955 N.E.2d 386, but dissent from the overruling of *Wade v. Stewart*, Cuyahoga App. No. 93405, 2010-Ohio-164, and *Grassia v. Cleveland,* Cuyahoga App. No. 93405, 2008-Ohio-3134, which I find to be valid pronouncements of the law in their procedural postures at the time they were decided. The majority correctly notes the critical distinction in *Wade* in footnote 1, i.e., that the injury in *Wade* predated the effective date of R.C. 2744.02(C). Therefore, reliance on *Wade* and overruling *Wade* are misplaced. Moreover, this court denied the opportunity to en banc *Wade*.

{¶ 18} This court noted in *Young* that the complaint was filed in April 2008 and the motion to dismiss denied in November 2010. Therefore, I would find that the record should have been thoroughly developed in the two years the case was pending. The *Hubbell* court specifically distinguished *Titanium Metals* for its procedural posture in which there was no record or opinion. *Hubbell* at ¶ 18.

**{¶ 19}** *Grassia* involved an intentional-tort claim filed in October 2007. The trial court denied the city's motion to dismiss in January 2008. Thus, the record had not been developed in those few months. We distinguished *Hubbell* in footnote 1 as follows:

**{¶ 20}** "In *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, the Supreme Court held that the denial of a governmental entity's motion for summary judgment on the issue of sovereign immunity due to the existence of genuine issues of material fact is a final appealable order under R.C. 2744.02(C). Id. at ¶ 27. The Court noted, however, that its opinion in [*Titanium Metals*] was distinguishable from *Hubbell*. Specifically, the court noted the different procedural postures of the cases: [*Titanium Metals*] was not decided under R.C. 2744.02(C), but '[r]ather, relying on traditional concepts, [the Court] held that there was no final, appealable order in the current posture of the case and sent the case back to the trial court.' Id. at ¶ 19. In contrast, in *Hubbell*, 'the record contain[ed] evidence upon which the trial court denied the motion for summary judgment, so as to deny Xenia "the benefit of an alleged immunity from liability." ' Id. at ¶20, quoting R.C. 2744.02(C)."

**{¶ 21}** In *Grassia*, we concluded that "[b]ecause the [trial] court denied the City's motion in this case without elaboration and there is, therefore, *no record on the issue of immunity*, * * * there is no final appealable order and we must dismiss." (Emphasis added.) Id. at ¶11.

**{¶ 22}** I have no idea what is the procedural posture presented in *DiGiorgio* because the en banc opinion makes no mention of whether the record below is developed. Therefore, I agree that *Young* should be overruled, but not *Wade* or *Grassia,* which can be easily distinguished.