Colleen Conway Cooney, Judge,
concurring in part and dissenting in part.
{¶ 17} I concur in the overruling of Young v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities, 129 Ohio St.3d 1504, 2011-Ohio-5358, 955 N.E.2d 386, but dissent from the overruling of Wade v. Stewart, Cuyahoga App. No. 93405, 2010-Ohio-164, 2010 WL 194475, and Grassia v. Cleveland, Cuyahoga App. No. 93405, 2008-Ohio-3134, 2008 WL 2536059, which I find to be valid pronouncements of the law in their procedural postures at the time they were decided. The majority correctly notes the critical distinction in Wade in footnote 1, i.e., that the injury in Wade predated the effective date of R.C. 2744.02(C). Therefore, reliance on Wade and overruling Wade are misplaced. Moreover, this court denied the opportunity to en banc Wade.
{¶ 18} This court noted in Young that the complaint was filed in April 2008 and the motion to dismiss denied in November 2010. Therefore, I would find that the record should have been thoroughly developed in the two years the case was pending. The Hubbell court specifically distinguished Titanium Metals for its procedural posture in which there was no record or opinion. Hubbell at ¶ 18.
{¶ 19} Grassia involved an intentional-tort claim filed in October 2007. The trial court denied the city’s motion to dismiss in January 2008. Thus, the record *581 had not been developed in those few months. We distinguished Hubbell in footnote 1 as follows:
{¶ 20} “In Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, the Supreme Court held that the denial of a governmental entity’s motion for summary judgment on the issue of sovereign immunity due to the existence of genuine issues of material fact is a final appealable order under R.C. 2744.02(C). Id. at ¶ 27. The Court noted, however, that its opinion in [Titanium Metals] was distinguishable from Hubbell. Specifically, the court noted the different procedural postures of the cases: [Titanium Metals] was not decided under R.C. 2744.02(C), but ‘[rjather, relying on traditional concepts, [the Court] held that there was no final, appealable order in the current posture of the case and sent the case back to the trial court.’ Id. at ¶ 19. In contrast, in Hubbell, ‘the record contained] evidence upon which the trial court denied the motion for summary judgment, so as to deny Xenia “the benefit of an alleged immunity from liability.” ’ Id. at ¶ 20, quoting R.C. 2744.02(C).”
{¶ 21} In Grassia, we concluded that “[b]ecause the [trial] court denied the City’s motion in this case without elaboration and there is, therefore, no record on the issue of immunity, * * * there is no final appealable order and we must dismiss.” (Emphasis added.) Id. at ¶ 11.
{¶ 22} I have no idea what is the procedural posture presented in DiGiorgio because the en banc opinion makes no mention of whether the record below is developed. Therefore, I agree that Young should be overruled, but not Wade or Grassia, which can be easily distinguished.