Kathleen Ann Keough, Judge.
{¶ 1} Pursuant to App.R. 26 and Loc.App.R. 26, the en banc court determined that a conflict existed between decisions in this district on the question whether the unexplained denial of a motion to dismiss and/or for judgment on the pleadings on sovereign-immunity grounds was a final, appealable order. Compare Young v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities, Cuyahoga App. No. 95955, 2011-Ohio-2291, 2011 WL 1844188; Wade v. Stewart, Cuyahoga App. No. 93405, 2010-Ohio-164, 2010 WL 194475; and Grassia v. Cleveland, Cuyahoga App. No. 91013, 2008-Ohio-3134, 2008 WL 2536059, with Fink v. Twentieth Century Homes, Inc., Cuyahoga App. No. 94519, 2010-Ohio-5486, 2010 WL 4520482; and Parsons v. Greater Cleveland Regional Transit *577 Auth., Cuyahoga App. No. 93528, 2010-Ohio-266, 2010 WL 323420. We undertook en banc consideration of this matter sua sponte and convened an en banc conference in accordance with McFadden v. Cleveland State Univ., 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672.
{¶ 2} We find that the trial court’s decision in this matter is a final, appealable order pursuant to the Ohio Supreme Court’s decision in Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878. Therefore, the panel will determine the merits of this appeal.
{¶ 3} The city of Cleveland, its police chief, a police sergeant, and two police officers (collectively, the “municipal defendants”) appeal from the denial of their motion to dismiss and/or for judgment on the pleadings as to all claims against them. Below, they argued that the complaint’s allegations against them were insufficient and that they were immune from liability under R.C. Chapter 2744. The trial court denied their motion without opinion. The issue before us is whether this ruling is an appealable order.
{¶ 4} “It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.” Gen. Acc. Ins. Co. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. Generally, an order denying a motion to dismiss is not a final, appealable order. Polikoff v. Adam (1993), 67 Ohio St.3d 100, 103, 616 N.E.2d 213. However, under R.C. 2744.02(C), “[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.”
{¶ 5} In Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, the Ohio Supreme Court held that under R.C. 2744.02(C), a judgment denying a motion for summary judgment in which a political subdivision seeks immunity protection under R.C. Chapter 2744 is a final, appealable order. Although decided in the context of a motion for summary judgment, the Hubbell court made clear that its holding was not limited to motions for summary judgment, stating:
{¶ 6} “[T]he use of the words ‘benefit’ and ‘alleged’ illustrates that the scope of this provision is not limited to orders delineating a ‘final’ denial of immunity. R.C. 2744.02(C) defines as final a denial of the ‘benefit’ of an ‘alleged’ immunity, not merely a denial of immunity. Therefore, the plain language of R.C. 2744.02(C) does not require a final denial of immunity before the political subdivision has the right to an interlocutory appeal.
{¶ 7} “ * * *
*578 {¶ 8} “[W]e hold that when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C).” Id. at ¶ 12, 27.
{¶ 9} The Hubbell court explained the policy reasons for its broad interpretation of R.C. 2744.02(C) as follows:
{¶ 10} “ ‘As the General Assembly envisioned, the determination of immunity [should] be made prior to investing the time, effort, and expense of the courts, attorneys, parties, and witnesses * * ” Id. at ¶ 26, quoting Burger v. Cleveland Hts. (1999), 87 Ohio St.3d 188, 199-200, 718 N.E.2d 912.
{¶ 11} Since Hubbell was decided, this court and others have repeatedly held that a trial court’s judgment denying a motion for judgment on the pleadings or motion to dismiss when a political subdivision has asserted immunity is a final, appealable order. See, e.g., Rucker v. Newburgh Hts., Cuyahoga App. No. 89487, 2008-Ohio-910, 2008 WL 597603 (judgment denying city’s Civ.R. 12(C) motion for judgment on the pleadings was a final, appealable order pursuant to Hubbell); Pearson v. Warrensville Hts. City Schools, Cuyahoga App. No. 88527, 2008-Ohio-1102, 2008 WL 660856 (judgment denying municipal schools’ motion for judgment on the pleadings was a final, appealable order pursuant to Hubbell); Stevenson v. ABM, Medina App. No. 07CA0009-M, 2008-Ohio-3214, 2008 WL 2582990 (noting that Ohio Supreme Court reversed appellate court’s dismissal of an appeal for lack of a final, appealable order on the authority of Hubbell and remanded for appellate court to conduct de novo review of trial court’s denial of municipality’s Civ.R. 12(B)(6) motion for judgment on the pleadings based on sovereign immunity); Slonsky v. J.W. Didado Elec., Inc., Summit App. No. 24228, 2008-Ohio-6791, 2008 WL 5340863 (holding, on authority of Hubbell, that trial court erred in finding that defense of sovereign immunity cannot be raised in a motion to dismiss); Parsons v. Greater Cleveland Regional Transit Autk, Cuyahoga App. No. 93523, 2010-Ohio-266, 2010 WL 323420 (trial court’s judgment denying public transit authority’s Civ.R. 12(B)(6) motion to dismiss because of statutory immunity was a final, appealable order pursuant to Hubbell); Fink v. Twentieth Century Homes, Inc., Cuyahoga App. No. 94519, 2010-Ohio-5486, 2010 WL 4520482 (trial court’s judgment denying city’s Civ.R. 12(B)(6) motion to dismiss was a final, appealable order on the authority of Hubbell); Summerville v. Forest Park, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522 (citing with approval Paul C. Harger Trust v. Morrow Cty. Regional Planning Comm., Morrow App. No. 03-CA-19, 2004-Ohio-6643, 2004 WL 2847797, which held that trial court’s denial of municipal defendant’s motion for judgment on the pleadings was final and appealable pursuant to R.C. 2744.02(C)).
*579 {¶ 12} Appellees argue, in reliance on State Auto. Mut. Ins. Co. v. Titanium Metals Corp., 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199, that the trial court’s judgment in this case is not a final, appealable order because the trial court denied the motion to dismiss without opinion and offered no explanation for its decision. In Titanium Metals, the Ohio Supreme Court considered an appeal in which the trial court denied a motion to dismiss based on immunity without opinion. The Supreme Court found there was no final, appealable order because the trial court had not provided an explanation for its decision. The court reasoned that the trial court had “made no determination as to whether immunity applied, [or] whether there was an exception to immunity” and hence had not disposed of the case. Id. at ¶ 10.
{¶ 13} This court adopted the reasoning of Titanium Metals in Grassia, 2008-Ohio-3134, 2008 WL 2536059, and dismissed the city’s appeal of the trial court’s denial of its Civ.R. 12(B)(6) motion for judgment on the pleadings for lack of a final, appealable order, because the trial court denied the motion without explanation. See also Vaughn v. Cleveland Mun. School Dist., Cuyahoga App. No. 86848, 2006-Ohio-2572, 2006 WL 1428913 (holding that Titanium Metals compelled dismissal of trial court’s order denying motion for summary judgment that asserted political immunity because trial court denied motion without explanation or opinion).
{¶ 14} But, as the dissent in Hubbell makes clear, the Ohio Supreme Court “distance[d] itself’ from Titanium Metals in Hubbell and held that “[d]enials of Civ.R. 12(B)(6) motions and motions for a directed verdict, as well as denials of multiple motions for summary judgment, can now be immediately appealed * * Id. at ¶ 33, 39 (Pfeifer, J., dissenting). And since Grassia, this court has recognized that trial court orders denying motions to dismiss asserting immunity, even where the court has not offered an explanation for its decision, are final, appealable orders under the authority of Hubbell. See, e.g., Parsons, 2010-Ohio-266, 2010 WL 323420, at ¶ 5; Wade, 2010-Ohio-164, 2010 WL 194475, at ¶ 21 (S. Gallagher, J., concurring in judgment only) (“[T]he denial of a motion to dismiss does constitute a final, appealable order under R.C. 2744.02(C)”).[1]
{¶ 15} Recently, in Young, 2011-Ohio-2291, 2011 WL 1844188, also cited by appellees, this court dismissed an appeal of a trial court’s judgment denying a governmental entity’s motion for judgment on the pleadings asserting immunity. Relying on Titanium Metals, this court held that the appeal was not final because the trial court did not set forth the reasons for its decision in its journal *580 entry. The Ohio Supreme Court declined jurisdiction to hear the governmental entity’s appeal. Young v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities, 129 Ohio St.3d 1504, 2011-Ohio-5358, 955 N.E.2d 386. Nevertheless, the en banc court is convinced, on the authority of Hubbell and cases cited above, that the denial of a motion to dismiss is a final, appealable order under R.C. 2744.02(C), even when the trial court does not explain the reasons for its decision. Accordingly, we overrule Young, Wade, and Grassia and hold that the trial court’s order denying the municipal defendants’ motion to dismiss is a final, appealable order under R.C. 2744.02(C), even if the order does not explain the basis for the court’s decision.
{¶ 16} Our en banc proceeding was prompted only by the question whether the trial court’s order was final and appealable. Consequently, we will not address the other issues in this case en banc, but leave those issues to the merit panel’s judgment.
Judgment accordingly.
Kilbane, A.J., and Blackmon, Celebrezze, E. Gallagher, S. Gallagher, Jones, Rocco, Stewart and Sweeney, JJ., concur.
Cooney, J., concurs in part and dissents in part with separate opinion.
Boyle, J., concurs with the separate opinion of Judge Cooney.

. Appellees’ reliance on Wade is misplaced. In Wade, the court specifically found that R.C. 2744.02(C) did not apply as the alleged injuries occurred between 2001 and 2002, prior to the effective date of the statute. Id., 2010-Ohio-164, 2010 WL 194475, at ¶ 7.