[Cite as *N.A.D. v. Cleveland Metro. School Dist.*, 2012-Ohio-4929.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97195**

## N.A.D., ET AL.

PLAINTIFFS-APPELLEES

vs.

## CLEVELAND METROPOLITAN SCHOOL DISTRICT, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-743527

**BEFORE:**   Kilbane, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   October 25, 2012

**ATTORNEYS FOR APPELLANTS**

**For Cleveland Metropolitan School District**

Joseph J. Jerse
David J. Sipusic
Wayne J. Belock
Cleveland Metropolitan School District
1380 East 6th Street, Room 203
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEES**

**For N.A.D., et al.**

W. Craig Bashein
Bashein & Bashein Co., L.P.A.
Terminal Tower, 35th Street
50 Public Square
Cleveland, Ohio 44113

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

**For A.S., et al.**

Andrew S. Pollis
Milton A. Kramer Law Clinic Center
C.W.R.U. School of Law
11075 East Boulevard
Cleveland, Ohio 44106

David C. Weiner
Charna E. Sherman Law Offices Co., L.P.A.
127 Public Square
5310 Key Tower
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

**{¶1}** Defendants-appellants, Cleveland Metropolitan School District ("CMSD") and Mr. Little ("Little") (collectively referred to as appellants), appeal the trial court's denial of their motion to dismiss. For the reasons set forth below, we affirm.

**{¶2}** In December 2010, plaintiffs, N.A.D., a minor, and her mother, N.U.D. (collectively referred to as "plaintiffs"), filed a complaint against CMSD, Little, N.B. II, N.B. and D.H., individually and as parents of N.B. II, A.S. II, and A.S. and E.S., individually and as parents of A.S. II, asserting five causes of action.[1] At the time of the incident, N.A.D. was enrolled in the special education curriculum within the CMSD. Plaintiffs allege in the first cause of action that two other students, N.B. II and A.S. II, sexually assaulted N.A.D. on a CMSD bus driven by Little. In the second cause of action, plaintiffs allege that N.A.D. sustained serious emotional distress as a result of this incident. In the third cause of action, plaintiffs allege that appellants, N.B. II's parents, and A.S. II's parents were negligent for failing to supervise N.B. II and A.S. II and allowing the attack to be perpetrated. Plaintiffs also allege that appellants' acts and omissions constituted wanton misconduct and a reckless disregard to N.A.D.'s safety, within the meaning of R.C. 2744.03(A)(6)(b). Plaintiffs allege that appellants "acted

---

[1]Pursuant to this court's established policy, the identity of the involved minors is shielded. Therefore, the minors and their family members are referred to only by their initials.

negligently, recklessly, and/or wantonly by proceeding to operate the bus along the route without stopping to inspect the students and protect [N.A.D.] from the abuse which was known, or should have been known to be ongoing." Plaintiffs further allege that Little "acted negligently and otherwise violated the duties that were owed during the course of his operation of the school bus in the scope of his employment and authority within the meaning of R.C. 2744.02(B)(1)." In the fourth cause of action, plaintiffs allege that they are entitled to parental statutory liability from N.B. II's parents and A.S. II's parents. In the fifth cause of action, N.U.D. asserts a loss of consortium claim against each of the defendants.

{¶3} Relevant to this appeal, appellants filed a motion to dismiss pursuant to Civ.R. 12(B)(6) in response to plaintiffs' complaint. Appellants argued that they are immune from plaintiffs' claims under R.C. Chapter 2744. Relying on *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-3601, 907 N.E.2d 706, appellants argued that the operation of a school bus does not include the supervision of students who are passengers on the bus. Plaintiffs opposed the appellants' motion, and the trial court denied the motion without explanation.

{¶4} Appellants then appealed to this court in August 2011. We dismissed the appeal in October 2011 for lack of a final appealable order, citing our decision in *Young v. Cuyahoga Cty. Bd. of MRDD*, 8th Dist. No. 95955, 2011-Ohio-2291.[2] Appellants

---

[2]In *Young*, we held that there is no final appealable order when the trial court does not provide an explanation for its decision to deny a motion to dismiss on the issue of immunity. *Id*. at ¶ 16.

appealed from our decision to the Ohio Supreme Court in *Dillard v. Cleveland Metro. School Dist.*, 131 Ohio St.3d 371, 2012-Ohio-1223, 965 N.E.2d 293.   The Ohio Supreme Court vacated this court's judgment and remanded the matter for us to apply our en banc decision in *DiGiorgio v. Cleveland*, 196 Ohio App.3d 575, 2011-Ohio-5824, 964 N.E.2d 495 (8th Dist.).[3]   As a result, appellants' appeal was reinstated, and the matter is now before us for consideration of the following two assignments of error.

### ASSIGNMENT OF ERROR ONE

> The trial court erred in denying the motion to dismiss of the [appellants] because they have statutory immunity from liability under the decision of the Ohio Supreme Court in [*Marlington*].

### ASSIGNMENT OF ERROR TWO

> The trial court erred in denying [CMSD's] motion to dismiss [Little] where none of the operative factual allegations in the plaintiffs' complaint described any actionable misconduct that could serve to divest him of statutory immunity or state a claims against him upon which relief can be granted.

### Standard of Review

{¶5}   We apply a de novo standard of review to the trial court's granting of a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim.  *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v.*

---

[3]In *DiGiorgio*, we overruled our decision in *Young* and found that "the denial of a motion to dismiss is a final, appealable order under R.C. 2744.02(C), even where the trial court does not explain the reasons for its decision."   *Id.* at ¶ 15.

*Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. No. 85467, 2005-Ohio-5985, ¶ 13.

**{¶6}** In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

**{¶7}** In resolving a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four corners of the complaint. *Grady v. Lenders Interactive Servs.*, 8th Dist. No. 83966, 2004-Ohio-4239, ¶ 6. Within those confines, a court accepts as true all material allegations of the complaint and makes all reasonable inferences in favor of the nonmoving party. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 1995-Ohio-295, 653 N.E.2d 1186. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

Political Subdivision Immunity

**{¶8}** Appellants argue that the trial court erred when it denied their motion to dismiss because they are entitled to political subdivision immunity. To determine whether a political subdivision enjoys immunity under the Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, we employ the three-tiered analysis set forth in *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781.

> The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. [*Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557, 2000-Ohio-486, 733 N.E.2d 1141]; R.C. 2744.02(A)(1). However, that immunity is not absolute. R.C. 2744.02(B); *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 1998-Ohio-421, 697 N.E.2d 610.
>
> The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. *Id.* at 28, 697 N.E.2d 610. * * *
>
> If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense to that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability. *Colbert* at ¶ 7-9.

**{¶9}** Here, the parties do not dispute that CMSD is a "political subdivision" as defined in R.C. 2744.01(F). Appellants contend that the operation of a school bus is a "governmental function" as set forth in R.C. 2744.02(A)(1). On the other hand, plaintiffs contend that the operation of a school bus is a proprietary function because CMSD "established a 'busline' for students, just like non-governmental entities do for travelers across the country." However, the Ohio Supreme Court has acknowledged that the transportation of students on a school bus constitutes a governmental function. *Marlington*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 11. The *Marlington*

court noted that: "[g]overnmental functions include '[t]he provision of a system of public education.' See R.C. 2744.01(C)(2)(c)." *Id. See also id.* at fn. 2 where the *Marlington* court cited to: (1) *Doe v. Dayton City School Dist. Bd. of Edn.*, 137 Ohio App.3d 166, 170, 738 N.E.2d 390 (2d Dist. 1999), where the Second District Court of Appeals found that "'[b]ecause the board was required by law to provide transportation for Doe, the function of providing it was governmental, not proprietary, per R.C. 2744.01(C)(1)'"[;] (2) R.C. 3314.09, which provides that "'the board of education of each city, local, and exempted village school district shall provide transportation to and from school for its district's native students'"[;] and (3) R.C. 3327.01, which provides that

> "'[i]n all city, local, and exempted village school districts where resident school pupils in grades kindergarten through eight live more than two miles from the school for which the state board of education prescribes minimum standards * * * and to which they are assigned by the board of education of the district of residence or to and from the nonpublic or community school which they attend the board of education shall provide transportation for such pupils to and from such school * * *.'"

{¶10} Seeing that the operation of the school bus constitutes a governmental function, we must next examine tier two of the analysis to determine if one the exceptions in R.C. 2744.02(B)(1)-(5) apply. Appellants contend that *Marlington* is dispositive of plaintiffs' claims and the trial court erred when it denied their motion to dismiss. Appellants argue that under *Marlington,* the R.C. 2744.02(B)(1) exception to immunity for the negligent operation of a motion vehicle does not encompass the negligent supervision of student passengers by the school bus driver. R.C. 2744.02(B)(1) provides that: "[e]xcept as otherwise provided in this division, political subdivisions are liable for injury,

death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority."

{¶11} By contrast, plaintiffs cite to our decision in *Swain v. Cleveland Metro. School Dist.*, 8th Dist. No. 94553, 2010-Ohio-4498, and argue that liability can be imposed against CMSD because they alleged that Little's negligence occurred when he failed to inspect the students while he was driving the bus.

{¶12} In *Marlington*, the plaintiffs sued the Marlington Local School District Board of Education and several employees of the school district seeking damages after their daughter was sexually molested by another child on a school bus. The board moved for summary judgment and raised the defense of political subdivision immunity under R.C. Chapter 2744. The trial court denied the board's motion for summary judgment and the board appealed. The court of appeals reversed, holding that the alleged negligent supervision of the children on the bus did not constitute negligent operation of a motor vehicle within the meaning of R.C. 2744.02(B)(1). The Ohio Supreme Court accepted plaintiffs' appeal and affirmed the appellate court's judgment.

{¶13} At issue in *Marlington*, was "whether a school bus driver's supervision of the conduct of children passengers on a school bus amounts to operation of a motor vehicle within the statutory exception to political subdivision immunity under R.C. 2744.02(B)(1)." *Id.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 9. The *Marlington* court decided this issue at the summary judgment stage of the proceedings,

unlike the instant case, which was decided on a motion to dismiss. We note that a motion for summary judgment allows the court to look beyond the allegations in the pleadings and analyze the evidence to ascertain whether there is a need for a trial. Whereas, with a motion to dismiss, only the pleadings are considered.

{¶14} The *Marlington* court analyzed what "operation of" a motor vehicle meant as set forth in R.C. 2744.02(B)(1) and concluded that

> "the exception to immunity in R.C. 2744.02(B)(1) for the negligent operation of a motor vehicle pertains only to negligence in driving or otherwise causing the vehicle to be moved. The language of R.C. 2744.02(B)(1) is not so expansive that it includes supervising the conduct of student passengers, as alleged in this case."

*Id.* at ¶ 26.

{¶15} In *Swain*, the plaintiffs sued the CMSD seeking damages after a CMSD bus driver failed to discover that a kindergarten student had fallen asleep in her seat on the way home from her first day of school and failed to drop her off at her bus stop. CMSD moved to dismiss plaintiffs' complaint on the basis of political subdivision immunity. The trial court denied the CMSD's motion, and CMSD appealed to this court.

{¶16} In *Swain*, just like in the instant case, the CMSD relied on *Marlington* and argued that its motion to dismiss should have been granted by the trial court. CMSD argued that under *Marlington* the exception to sovereign immunity in R.C. 2744.02(B)(1) does not apply. In affirming the trial court's decision, we distinguished *Marlington* from the facts in *Swain*, noting that:

> *Marlington* involved the sexual assault between different students. * * *
> The case at bar involves the negligent operation of a motor vehicle in driving

or otherwise causing the vehicle to be moved in relation to the conduct of the bus driver and her duties. * * * The bus driver in the case at bar, *while sitting in the driver's seat and while the engine was running, declined to inspect the bus and then drove the bus away from the proper bus stop*. (Emphasis in original.) *Swain*, 8th Dist. No. 94553, 2010-Ohio-4498, at ¶ 11-12.

**{¶17}** Here, plaintiffs' complaint specifically alleges that in addition to failing to supervise the students, appellants were negligent for "proceeding to operate the bus along the route without stopping to *inspect* the students[.]" (Emphasis added.) While we are mindful of the *Marlington* court's findings at the summary judgment stage of the proceedings, we also acknowledge our decision in *Swain*, where we found that at the motion to dismiss stage of the proceedings, the operation of a motor vehicle encompassed more than the mere act of driving the vehicle involved. The operation of a motor vehicle includes the inspection of the bus. *Swain* at ¶ 12-13.

**{¶18}** We have previously stated that "[w]hether a political subdivision is immune from liability is a question of law that should be resolved by the trial court, preferably on a motion for summary judgment." *Sampson v. Cuyahoga Metro. Housing Auth.*, 188 Ohio App.3d 250, 2010-Ohio-3415, 935 N.E.2d 98, ¶ 22 (8th Dist.), *aff'd*, 131 Ohio St.3d 418, 2012-Ohio-570, 966 N.E.2d 247. At the motion to dismiss stage like in *Swain*, as opposed to the summary judgment stage in *Marlington*, plaintiffs are only required to have a short and plain statement of the claim showing that they are entitled to relief and our review is confined to the four corners of the complaint. *See* Civ.R. 8 and Civ.R. 12(B)(6); *Grady*, 8th Dist. No. 83966, 2004-Ohio-4239, ¶ 6.

{¶19} In the instant case, plaintiffs' complaint alleges additional conduct, specifically the conduct of the bus driver in relation to his operation of the bus and N.A.D. *See Swain* at ¶ 14. Therefore, we find that the facts as pled by plaintiffs were sufficient for the purpose of overcoming appellants' motion to dismiss.

{¶20} In the second assignment of error, appellants argue that Little is entitled to individual immunity as an employee of a political subdivision. With respect to individual immunity, we first presume that employees of a political subdivision are immune from suit. *Sampson*, 188 Ohio App.3d 250, 2010-Ohio-3415, 935 N.E.2d 988, ¶ 41. Here, there is no dispute that Little was employed by the CMSD and that the CMSD is a political subdivision.

{¶21} Next, we must analyze whether any of the exceptions outlined in R.C. 2744.03(A)(6) apply to bar immunity. *Id.* at ¶ 42, citing *State ex rel. Conroy v. Williams*, 185 Ohio App.3d 69, 2009-Ohio-6040, 923 N.E.2d 191 (7th Dist.). Appellants argue that R.C. 2744.03(A)(6)(b) does not apply because plaintiffs' complaint sets forth no operative factual allegations against Little. R.C. 2744.03(A)(6)(b) states that an employee is immune from liability unless "[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]"

{¶22} However, as previously stated, plaintiffs were only required to have a short and plain statement of the claim demonstrating that they were entitled to relief. In their complaint, plaintiffs specifically allege that "CMSD and [Little] acted recklessly and/or wantonly * * * within the meaning of R.C. 2744.03(A)(6)(b)." Plaintiffs further allege

> CMSD and [Little's] acts and omissions constituted wanton misconduct and a reckless disregard to the student's safety * * * [and] CMSD and [Little] acted negligently, recklessly, and/or wantonly by proceeding to operate the bus along the route without stopping to inspect the students and protect [N.A.D.] from the abuse which was known, or should have been known to be ongoing.

Based on these allegations, we find that plaintiffs complaint was sufficient for the purpose of overcoming appellants' motion to dismiss.

{¶23} Therefore, we find that the trial court properly denied appellants' motion to dismiss.

{¶24} Accordingly, the first and second assignments of error are overruled.

{¶25} Judgment is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., CONCURS
KENNETH A. ROCCO, J., CONCURS IN JUDGMENT

KENNETH A. ROCCO, JUDGE, CONCURRING IN JUDGMENT:

I concur in judgment because it is my preference to review such matters after the summary judgment stage of the proceedings, as was the case in *Marlington.*