[Cite as *Pierce v. Gallipolis*, 2017-Ohio-546.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| JAMES PIERCE, ET AL., | : | |
| Plaintiffs-Appellees, | : | |
| | | Case No. 16CA7 |
| v. | : | |
| | | DECISION AND |
| CITY OF GALLIPOLIS, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 02/13/2017 |

APPEARANCES:

Adam R. Salisbury, Gallipolis City Solicitor, Gallipolis, Ohio, for defendant-appellant.

D. Joe Griffith, Bryan M. Everitt, and Brian W. Kelso, Dagger, Johnston, Miller, Ogilvie & Hampson, LLP, Lancaster, Ohio, for plaintiffs-appellees.

Hoover, J.

{¶ 1} Defendant-appellant, City of Gallipolis (hereinafter "appellant"), appeals the judgment of the Gallia County Common Pleas Court that denied its motion for judgment on the pleadings that was based on sovereign-immunity grounds under R.C. Chapter 2744. For the reasons that follow, we affirm[1].

**I. Facts and Procedural Posture**

{¶ 2} The plaintiffs-appellees, James and Carol Pierce (hereinafter "appellees"), allege that a sewer line owned and operated by the appellant, and located beneath their property,

---

[1] Ordinarily, a decision denying a party's motion for judgment on the pleadings is not a final, appealable order. However, under R.C. 2744.02(C), "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Thus, a trial court's judgment denying a motion for judgment on the pleadings when a political subdivision has asserted immunity is a final, appealable order. *DiGiorgio v. Cleveland*, 196 Ohio App.3d 575, 2011-Ohio-5824, 964 N.E.2d 495, ¶¶ 4-11, 15 (8th Dist.).

cracked and caused sewage and storm water to be released from the pipe. As a result of the leak, appellees contend that "massive erosion" occurred on their property causing a land slippage and earth movement event on April 24, 2011. The landslip event allegedly caused the appellees' residence to crack and separate; exposed the appellees to raw sewage; injured appellee James Pierce to the extent that he required hospitalization and surgery; and made their residence uninhabitable. Appellees filed a complaint on December 5, 2012, for property damage, personal injury, loss of consortium, and nuisance. In their complaint, appellees alleged that appellant's negligent failure to maintain the sewer line caused it to crack, in turn causing the release of sewage, erosion, land slippage, and the above-described damages. Appellant denied the allegations of the complaint.

{¶ 3} After conducting discovery, appellant filed a motion for summary judgment on November 22, 2013, contending, inter alia, that it was immune from liability under R.C. Chapter 2744. Thereafter, the appellees filed a memorandum contra, and the appellant filed a response brief. Attached to each of the filings was proper summary judgment evidence. In addition to the briefs and summary judgment evidence, the trial court also heard oral argument on the motion for summary judgment.

{¶ 4} After considering the briefs and oral argument, the trial court issued a decision and entry denying appellant's motion for summary judgment on April 23, 2014. Appellant then appealed the denial of the motion for summary judgment. On appeal, we affirmed the trial court's judgment by decision and judgment entry filed on July 23, 2015. *See Pierce v. Gallipolis*, 2015-Ohio- 2995, 39 N.E.3d 858 (4th Dist.) (hereinafter "*Pierce I*").

{¶ 5} On May 6, 2016, approximately one and a half months prior to the scheduled trial, the appellant moved for judgment on the pleadings pursuant to Civ.R. 12(C), arguing again that

it is immune from liability under Revised Code Chapter 2744. Specifically, appellant argued that

the exception to immunity under R.C. 2744.02(B)(2) did not apply to appellees' failure to

maintain claims because the section only applies to "acts" and does not apply to omissions or

failures to act. Appellees subsequently moved to file an amended complaint to conform to the

evidence. Appellees were granted leave to file the amended complaint; the amended complaint

was filed; and appellant filed an answer to appellees' amended complaint denying the claims. It

should be noted, however, that the amended complaint contained the same claims as the original

complaint, and continued to allege that appellant failed to conduct maintenance of the sewer

system – i.e., the amended complaint continued to couch the allegations in terms of omissions

and nonfeasance, as opposed to allegations of negligent actions or misfeasance. The appellees

also filed a memorandum contra to appellant's motion for judgment on the pleadings. After

hearing oral argument on the motion, the trial court issued an entry denying appellant's motion

for judgment on the pleadings on June 14, 2016, finding that this Court (the Fourth District Court

of Appeals) had previously decided that R.C. 2744.02(B)(2) applies to the instant case.

Thereafter, appellant filed a timely notice of appeal.

## II. Assignment of Error

{¶ 6} Appellant asserts the following assignment of error for review:

Assignment of Error:

> The trial court erred in denying the Defendant's motion for judgment on the
> pleadings because the Defendant/Appellant is immune from tort liability for
> omissions pursuant to O.R.C. 2744.02(A) and Plaintiff's Complaint (and
> Amended Complaint) is based solely upon alleged omissions related to a
> proprietary function and O.R.C. 2744.02(B)(2) provides an exception to immunity
> only for negligent performance of acts and not for omissions related to proprietary
> functions.

## III. Law and Analysis

{¶ 7} In its sole assignment of error, appellant contends that the trial court erred in denying its motion for judgment on the pleadings because it is immune from liability under R.C. 2744.02.

{¶ 8} Under Civ.R. 12(C), after the pleadings are closed, any party may move for judgment on the pleadings. Generally, appellate courts independently review the motion to determine if it was properly denied as a matter of law. *King v. Stump,* 4th Dist. Ross No. 97CA2349, 1998 WL 903494, *4 (Dec. 28, 1998).

{¶ 9} " 'Judgment on the pleadings is appropriate if, in construing all material allegations in the complaint in favor of the nonmoving party, together with all reasonable inferences to be drawn therefrom, the court finds, beyond doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.' " *Maynard v. Norfolk S. Ry.,* 4th Dist. Scioto No. 08CA3267, 2009–Ohio–3143, ¶ 12, quoting *Dolan v. Glouster,* 173 Ohio App.3d 617, 2007–Ohio–6275, 879 N.E.2d 838, ¶ 7 (4th Dist.). "A motion under Civ.R. 12(C) presents only questions of law, and the determination of the motion is restricted solely to the allegations in the pleadings." *Quality Car & Truck Leasing, Inc. v. Pertuset,* 4th Dist. Scioto No. 11CA3436, 2013–Ohio–1964, ¶ 7.

{¶ 10} R.C. Chapter 2744 establishes a three-step analysis to determine whether a political subdivision is immune from liability. *See, e.g., Cramer v. Auglaize Acres,* 113 Ohio St.3d 266, 2007–Ohio–1946, 865 N.E.2d 9, ¶ 14. First, R.C. 2744 .02(A)(1) sets forth the general rule that a political subdivision is immune from tort liability for acts or omissions connected with governmental or proprietary functions. *Id.* at ¶ 14*; Colbert v. Cleveland,* 99 Ohio St.3d 215, 2003–Ohio–3319, 790 N.E.2d 781, ¶ 7. The statute states: "Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or

loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶ 11} Second, R.C. 2744.02(B) lists five exceptions to the general immunity granted to political subdivisions under R.C. 2744.02(A)(1). *See, e.g., Cramer* at ¶ 15*; Ryll v. Columbus Fireworks Display Co.,* 95 Ohio St.3d 467, 2002–Ohio–2584, 769 N.E.2d 372, ¶ 25. Applicable to the case sub judice, R.C. 2744.02(B)(2) states:

> Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised
>
> Code, political subdivisions are liable for injury, death, or loss to person or
>
> property caused by the negligent performance of *acts* by their employees with
>
> respect to proprietary functions of the political subdivisions.

(Emphasis added.)

{¶ 12} Finally, if liability exists under R.C. 2744.02(B), R.C. 2744.03(A) sets forth several defenses that re-instate a political subdivision's immunity. *See Cramer* at ¶ 16; *Colbert* at ¶ 9.

{¶ 13} In the case sub judice, the parties do not dispute that appellant is entitled to the general grant of immunity under R.C. 2744.02(A)(1). Instead, appellant's sole assignment of error focuses on whether the R.C. 2744.02(B)(2) exception to immunity applies to appellees' claims. In particular, appellant asserts that "the plain language of R.C. 2744.02(B)(2) reveals that * * * the legislature specifically intended only to create an exception for 'acts' rather than omissions" and that because appellees' complaint and amended complaint alleges only a failure to act or to perform maintenance of the sewer line, and not an affirmative act of the appellant, then the exception does not apply to the instant case. The appellees, on the other hand, argue

inter alia that in light of this Court's prior decision in *Pierce I*, the fact that an exception exists under R.C. 2744.02(B)(2) is the law of the case. In the previous appeal, we noted that:

> [A] review of the complaint * * * makes clear that appellees seek compensation for damages arising from appellant's alleged negligent failure to perform maintenance on the sewer lines running under and near their property. In fact, appellees' claims relate to appellant's alleged omissions and failure to maintain the sewer system both before and after the April 2011 landslip event; not to any overt act of appellant * * *.

*Pierce I* at ¶ 41. We further held that "Ohio courts have long recognized that a city can be liable for the negligent maintenance of its sewers" and that, "if proven, appellant's negligent performance of its proprietary function of maintaining its sewer system would expose it to liability under R.C. 2744.02(B)(2)." *Id*. at ¶¶ 25, 32.

{¶ 14} In *Nolan v. Nolan,* 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), the Ohio Supreme Court discussed the law of the case doctrine as follows: "* * * [T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Id.* at 3. The *Nolan* court further noted that while the rule will not be applied to achieve unjust results, the application of the rule is necessary "to ensure consistency of results in a case" as well as "to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.;* citing *Gohman v. St. Bernard,* 111 Ohio St. 726, 730–731, 146 N.E. 291 (1924) (reversed on other grounds), and *State ex rel. Potain v. Mathews,* 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979). "Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were

involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." *Id*.

{¶ 15} Here, appellant's Civ.R. 12(C) motion for judgment on the pleadings presented the trial court with substantially the same issue that was decided in *Pierce I*, i.e., whether the R.C. 2744.02(B)(2) exception to immunity applies in the instant case. Because this Court conclusively determined in the prior appeal that the R.C. 2744.02(B)(2) exception to immunity applied, the law of the case doctrine required that the trial court deny appellant's motion for judgment on the pleadings. Therefore, the trial court did not err in denying appellant's motion.

### IV. Conclusion

{¶ 16} Based on the foregoing, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and McFarland, J.: Concur in Judgment Only.


For the Court

By:_____
        Marie Hoover, Judge


## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**