[Cite as *Berdysz v. Boyas Excavating, Inc.*, 2019-Ohio-1639.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOHN C. BERDYSZ, ET AL.,            :

      Plaintiffs-Appellees,            :

                                        No. 107109

      v.            :

BOYAS EXCAVATING, INC., ET AL.,            :

      Defendants-Appellants.            :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** May 2, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-09-712005 and CV-14-826410

***Appearances:***

David Mack, Garfield Heights Law Director; Reminger Co., L.P.A.,
Holly M. Wilson, Gregory G. Guice, Brian D. Sullivan, *for appellants*.

Cochran & Cochran, Edward W. Cochran; Weltman Weinberg & Reis
Co., L.P.A., David Mullen; Connick Law, L.L.C., Thomas J. Connick;
Weyls Peters, L.L.C., Timothy J. Weyls; Bisgaard, & Smith L.L.P., Ryan
K. Rubin, Lewis Brisbois; Kushner & Hamed Co., L.P.A., Christian J.
Grostic; and Gray, P.L.L.C., Anthony J. Trzaska, *for appellees*.

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant the city of Garfield Heights ("Garfield Heights")

appeals the trial court's decision to deny its claim that they are statutorily immune

from plaintiffs-appellees' claim. For the reasons set forth below, this matter is affirmed and remanded.

## I.  Procedural History and Facts

{¶ 2} The facts of this case can be found in *Berdysz v. Boyas Excavating, Inc.*, 2017-Ohio-530, 85 N.E.3d 288 (8th Dist.), where Garfield Heights appealed the trial court's December 2015 judgment granting the plaintiffs-appellees' motion to certify this case as a class action. We affirmed the trial court's decision in *Berdysz*.

{¶ 3} The facts are as follows:

The plaintiffs-appellees in this action are John Berdysz, Colette Berdysz, John Drab, Marianne Eckhoff, Patricia Masa, Alberta Krupp, and Kathleen Tucciarelli. They are all residents of Garfield Heights and the gravamen of their complaint is that noxious odors in their neighborhood affected the use and enjoyment of their properties.

In addition to Garfield Heights, numerous other defendants were named in the suit. The plaintiffs' claims against the defendants revolve around the development of property in Garfield Heights that previously was the site of two landfills from the 1960s through the 1980s. In 2002, the waste materials on the property were disturbed as developers explored ideas for using the property. In 2005, the property was developed into the City View Center Shopping Center ("City View").

Residents in the neighborhood immediately surrounding the City View property complained of odors, and as a result, the Ohio Environmental Protection Agency ("EPA") issued orders in March 2005 obligating Garfield Heights to take actions necessary for full compliance with environmental regulations. As of November 2014, most of the tenants in the shopping center had vacated; for example, Walmart closed in 2009 because of "landfill gas intrusion."

The plaintiffs originally filed suit in 2009; there were over 85 named plaintiffs in the action. *See Baczowksi v. Boyas Excavating, Inc.*, Cuyahoga C.P. No. CV-09-712005. By 2013, only two plaintiffs remained in the action, and they voluntarily dismissed the case. The action was refiled in 2014 and is the case at hand. Five plaintiffs filed

the action, and an amended complaint was filed adding two more plaintiffs.

The plaintiffs filed a motion to certify the case as a class action, and the trial court held a hearing on the motion. The issue was also extensively briefed by the parties. At the time of the hearing, all of the defendants except Garfield Heights were in settlement negotiations with the plaintiffs, and the city therefore was the only defendant who argued against class-action certification.

The neighborhood that the plaintiffs sought to be included in the class action suit was the neighborhood immediately surrounding the City View property, and was defined as follows:

> The intersection of Transportation Boulevard and Antenucci Boulevard as the northwest point to the intersection of Antenucci Boulevard and Turney Road as the northeast point, south down the center line of Turney Road, and bounded on the south by the full length of Maple Leaf Drive.

Further, the borders were defined as follows:

> to the west, the City View property itself; (2) to the north, an east-west section of Interstate 480, bounded by hills and barrier and walls; (3) to the west, Turney Road, a major north-south thoroughfare; and (4) to the south, an area of land, south of Maple Leaf Drive.

As to the members of the class, the plaintiffs sought to have it include "all persons and entities (including trustees) that own or reside in a home within the class area which home was purchased by the class member prior to December 31, 2002." There were approximately 220 homes in the proposed class area that were purchased prior to December 31, 2002. The plaintiffs presented a list of the homeowners to the trial court.

The plaintiffs also submitted an expert's report from Golder Associates ("Golder") for the trial court's consideration. The report indicates that a primary source of odors from the [landfill] facility is likely from the direct discharge of collected gas from the blower units located near the fuel station, the unfinished building in the northwest corner of the site

and the blowers used to extract and vent gas from beneath the shopping center buildings.

The report further indicates that "[w]ind direction information * * * indicates a normal southwesterly wind that would potentially carry odors from these discharge locations towards the residences located northeast of the property," and that the "landfill odors would be expected to constitute a nuisance to the surrounding area and the homeowners."

Additionally, the plaintiffs submitted the affidavit of Craig Cantrell, a licensed Ohio real estate agent and broker and owner of Chestnut Hill Realty. For the purpose of the averments in his affidavit, Cantrell assumed the plaintiffs' claim of noxious odors in their proposed class area to be true. Cantrell averred as follows:

> If in a residential neighborhood, there are noxious odors which have continued for a long period of time, a reasonable buyer will be willing to pay only a diminished price. Consequently, it is my opinion, to a reasonable degree of certainty, that the homes in the "class area" can be sold by a reasonable seller to a reasonable buyer only at a price of 30-35% below what these homes would sell for in the open market if there were no noxious odors; and that diminution in price will apply to the entire class area.

The plaintiffs also submitted the affidavit of Lance Traves ("Traves"), an expert on prevailing winds and odor migration. Traves averred that "because the class area is so small and in such close proximity to the subject landfill, the odors emitted from the landfill that are subject to the prevailing winds would be expected to be distributed over the entire class area and detectable to all those in the class area."

Another expert report, prepared by GC Environmental, Inc. ("GCE"), was submitted by the city for the trial court's consideration. In its report, GCE contradicted the findings of Golder, the plaintiffs' expert, and found any odors on the City View property to be "de minimis," did not detect any odors in the proposed class area, and concluded that it is "unreasonable to suggest that landfill gas would have been able to migrate to the [class] neighborhood."

At the hearing, testimony was taken from one of the plaintiffs' attorneys about how he determined the potential class members. Further, one of

the plaintiffs and class representatives, Kathleen Tucciarelli, testified about her experience living in the neighborhood with the alleged noxious odors. After the hearing, the trial court granted the plaintiffs' motion and issued findings of fact and conclusions of law.

*Id.* at ¶ 2-14.

{¶ 4} After this court affirmed the trial court's decision to certify the class, Garfield Heights then filed a motion for judgment on the pleadings. The trial court denied the motion, and Garfield Heights filed this appeal assigning one error for our review:

   I.   The trial court erred in failing to dismiss the Plaintiffs' nuisance cause of action as the City of Garfield Heights is statutorily immune from such a claim.

## II.   Motion for Judgment on the Pleadings

{¶ 5} As such,

[a] motion for judgment on the pleadings presents only questions of law, which this court reviews de novo. *Dearth v. Stanley*, 2d Dist. No. 22180, 2008-Ohio-487, ¶ 24. Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165, 297 N.E.2d 113 (1973). Dismissal is appropriate under Civ.R. 12(C) when, after construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *State ex rel Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

*Riscatti v. Prime Properties Ltd. Partnership*, 8th Dist. Cuyahoga No. 97254, 2012-Ohio-2941, ¶ 9.

{¶ 6} Garfield Heights assert that they have political subdivision immunity against the appellees' common law nuisance claim. The appellees, however, allege

that Garfield Heights breached the contract with them. As a result, the appellees make two assertions that (1) Garfield Heights does not have a final, appealable order, and (2) Garfield Heights' claim is barred by res judicata.

### A. Final Appealable Order and Political Subdivision Immunity

{¶ 7} We must first constitute whether Garfield Heights has a final, appealable order. An appellate court has jurisdiction to review, affirm, modify, set aside, or reverse judgments or final orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.01.

> It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies." Section 3(B)(2), Article IV of the Ohio Constitution. *See also*, R.C. 2505.03.

*Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989).

{¶ 8} R.C. 2505.02(B) provides,

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1)     An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2)     An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3)     An order that vacates or sets aside a judgment or grants a new trial;

(4)     An order that grants or denies a provisional remedy and to which both of the following apply:

(a)     The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b)     The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5)     An order that determines that an action may or may not be maintained as a class action;

(6)     An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018 (renumbered as 5164.07 by H.B. 59 of the 130th general assembly), and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;

(7)     An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶ 9}     The trial court's denial of Garfield Heights' motion for judgment on the pleadings does not constitute a final appealable order for the reasons set forth below.  Generally,

[a]n appellate court can review only final, appealable orders.  Without a final, appealable order, an appellate court has no jurisdiction. *See Hubbell v. Xenia*, 115 Ohio St. 3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 9; Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02.  An order denying a motion to dismiss is generally not a final, appealable

order. *See, e.g., Maclin v. Cleveland*, 8th Dist. Cuyahoga No. 102417, 2015-Ohio-2956, ¶ 9; *DiGiorgio v. Cleveland*, 196 Ohio App. 3d 575, 2011-Ohio-5824, 964 N.E.2d 495, ¶ 4 (8th Dist.), citing *Polikoff v. Adam*, 67 Ohio St.3d 100, 103, 616 N.E.2d 213 (1993). However, R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Thus, R.C. 2744.02(C) grants appellate courts jurisdiction to review the denial of a motion to dismiss based upon immunity. *Hubbell* at ¶ 27 ("[W]hen a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C)."); *Maclin* at ¶ 9 ("While ordinarily we do not have appellate jurisdiction over the denial of a Civ.R. 12(B)(6) motion to dismiss because such orders are interlocutory in nature, the denial of a motion to dismiss based on political subdivision immunity is a final and appealable order subject to appellate court review."); *DiGiorgio* at ¶ 11, 15 (trial court's order denying municipal defendants' motion to dismiss is a final, appealable order under R.C. 2744.02(C), even if the order does not explain the basis for the court's decision).

*Windsor Realty & Mgt., Inc. v. Northeast Ohio Regional Sewer Dist.*, 2016-Ohio-4865, 68 N.E.3d 327, ¶ 14 (8th Dist.).

{¶ 10} However, appellate review is limited under R.C. 2744.02(C) to the review of the appellant's alleged errors involving the denial of immunity.

[I]t does not authorize the appellate court to otherwise review the merits of a trial court's decision to deny a motion to dismiss. *See, e.g., Owens v. Haynes*, 9th Dist. Summit No. 27027, 2014-Ohio-1503, ¶ 8-9; *see also Reinhold v. Univ. Heights*, 8th Dist. Cuyahoga No. 100270, 2014-Ohio-1837, ¶ 21 ("An appeal from a denial of summary judgment based on sovereign immunity is limited to the review of alleged errors in the portion of the trial court's decision that denied the political subdivision the benefit of immunity."), citing *Riscatti v. Prime Props. Ltd. Partnership*, 137 Ohio St. 3d 123, 2013-Ohio-4530, 998 N.E.2d 437, ¶ 20; *CAC Bldg. Props., LLC v. Cleveland*, 8th Dist. Cuyahoga No. 91991, 2009-Ohio-1786, ¶ 9, fn. 1 (appellate court had jurisdiction to review city's appeal only with respect to issues that were based on the trial court's denial of summary judgment on immunity grounds;

other issues city raised on appeal with respect to the denial of its summary judgment motion were not reviewable). Thus, when appealing a denial of a motion to dismiss based on immunity under R.C. 2744.02(C), a party cannot raise other alleged errors concerning the denial of its motion to dismiss that are based upon other alleged defenses or pleading deficiencies. *See, e.g., Riscatti* at ¶ 20 ("Although our prior decisions have interpreted R.C. 2744.02(C) broadly in favor of early appeal, they have always been tethered directly to the defense of immunity, not to other defenses") * * *.

*Id.* at ¶ 15.

{¶ 11} The appellees filed a breach of contract claim against Garfield Heights.

The immunity set forth in R.C. Chapter 2744 does not apply to contract claims against a political subdivision. R.C. 2744.09(A) expressly provides: "This chapter does not apply to, and shall not be construed to apply to * * * [c]ivil actions that seek to recover damages from a political subdivision or any of its employees for contractual liability[.]"

*Id.* at ¶ 17.

{¶ 12} Therefore, based on the plain language of R.C. Chapter 2744.09(A), immunity does not apply to Garfield Heights on the appellees' claims for breach of contract. *See Duncan v. Cuyahoga Community College*, 2012-Ohio-1949, 970 N.E.2d 1092, ¶ 29 (8th Dist.) (denial of political subdivision's motion for judgment on pleadings on plaintiff's breach of contract claim not final and appealable under R.C. 2744.02(C) and 2744.09(A)).

{¶ 13} Garfield Heights, similarly to the issue the appellants in *Windsor* contended, argues that the appellees are attempting to fashion a simple common nuisance claim into a breach of contract claim. Garfield Heights may be correct that,

on the facts here, the appellees cannot establish, as a matter of law, the existence of an enforceable contract.

> However, pursuant to R.C. 2744.02(C), we have jurisdiction to consider only whether the trial court properly denied appellants' motion to dismiss on immunity grounds, i.e., whether the trial court's denial of appellants' motion to dismiss denied appellants "the benefit of an alleged immunity from liability" — not whether the trial court correctly concluded that the allegations of the amended complaint were sufficient to state a claim for breach of contract as a matter of law * * *.

*Windsor* at ¶ 19.

{¶ 14} This assignment of error is based "upon alleged defenses that are unrelated to immunity and the trial court's denial of appellants' motion to dismiss those claims is not otherwise a final, appealable order." *Id.* at ¶ 20.

{¶ 15} Therefore Garfield Heights' sole assignment of error is overruled.

## B.     Res Judicata

{¶ 16} The appellees claim that Garfield Heights is barred from appealing this action because of res judicata.

> The issue of whether res judicata *** applies in a particular situation is a question of law that is reviewed under a de novo standard. *Gilchrist v. Gonsor*, 8th Dist. Cuyahoga No. 88609, 2007-Ohio-3903, at ¶ 18, citing *Nationwide Ins. Co. v. Davey Tree Expert Co.*, 166 Ohio App.3d 268, 2006-Ohio-2018, 850 N.E.2d 127. A de novo standard of review affords no deference to the trial court's decision, and we independently review the record to determine whether res judicata applies. *Id.* at ¶ 16. Res judicata makes a final judgment between parties conclusive as to all claims that were litigated or that could have been litigated in that action. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).

*Hempstead v. Cleveland Bd. of Edn.*, 8th Dist. Cuyahoga No. 90955, 2008-Ohio-5350, ¶ 6.

**{¶ 17}** As such,

> Res judicata requires a plaintiff to "present every ground for relief in the first action, or be forever barred from asserting it." *Grava*. Res judicata applies to any claim meeting the following three elements: 1) the plaintiff brought a previous action against the same defendant; 2) there was a final judgment on the merits of the previous action; and 3) the new claim was pursued in the first action, or it arises out of the same transaction that was the subject matter of the first action. *Smith v. Bd. of Cuyahoga Cty. Commrs.*, Cuyahoga No. 86482, 2006-Ohio-1073, at ¶ 16-18.

*Id.* at ¶ 7.

**{¶ 18}** Garfield Heights is not barred from asserting immunity because of res judicata. Garfield Heights could not have appealed an issue that they did not raise to the trial court. In their first appeal, Garfield Heights questioned the trial court's decision of certifying the class. At that time, the trial court had not denied Garfield Heights' motion for judgment on the pleadings because the motion had yet to be filed. Although Garfield Heights brought a previous action against the same defendant, and there was a final judgment on the merits of the previous action, the new claim was *not* pursued in the first action. Therefore, res judicata is not at issue here.

**{¶ 19}** The trial court's order denying Garfield Heights' motion for judgment on the pleadings is affirmed. This matter is remanded to the trial court for further proceedings.

It is ordered that the appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR