OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Functional Furnishings, Inc., from a judgment of the Franklin County Court of Common Pleas, denying appellant's motion for summary judgment and dismissing its claims with prejudice.
 {¶ 2} On March 17, 2005, appellant filed a complaint against defendant-appellee, Dana White ("White"), alleging causes of action for breach of contract, breach of duty of *Page 2 
good faith, and intentional and/or negligent misrepresentation. The complaint alleged that appellant, as seller, entered into a real estate purchase agreement on August 9, 2004, with Perfect World, Inc., as purchaser for property located at 601-615 North High Street, Columbus. Appellant alleged that White signed the agreement on the signature line for Perfect World, Inc., and that appellant relied upon White's representation that she was authorized to sign the agreement. However, it was alleged, White was not in any way connected with Perfect World, Inc., nor had Perfect World, Inc., ever authorized White to act as its agent. The complaint further alleged that White subsequently notified her real estate broker that the purchaser would not be able to close on the property due to its findings during the due diligence period, but that White failed to provide appellant notice of termination in a timely manner as required under the terms of the agreement.
 {¶ 3} On May 20, 2005, White filed an answer, in which she denied any intention of signing the agreement on behalf of Perfect World, Inc., asserting instead that, in executing the agreement, she was "acting on behalf of Perfect World Management, LLC." White also filed a third-party complaint against Christopher D. Brigdon ("Brigdon") and NAI Ohio Equities, Realtors ("NAI"), alleging that Brigdon drafted the purchase agreement and mistakenly listed the purchaser as "Perfect World, Inc., an Ohio Corporation," when in fact the purchaser should have been listed as "Perfect World Management, LLC." White further alleged that, during the due diligence period, Perfect World Management, LLC, was not satisfied with inspections, and it therefore requested Brigdon to terminate the agreement, relying on Brigdon to properly inform appellant of the termination. White alleged, however, that Brigdon failed to notify appellant that the agreement was terminated prior to the expiration of the 45-day inspection period. White's third-party *Page 3 
complaint asserted causes of action for negligence, breach of fiduciary duty, breach of contract and respondeat superior.
 {¶ 4} On December 9, 2005, appellant filed a motion for summary judgment against White, asserting that White was an unauthorized agent, and that she was personally liable for any damages caused by the purchaser's breach of contract. White filed a memorandum contra appellant's motion for summary judgment, asserting in part that she was not a party to the agreement, and that, during negotiations on the agreement, she was acting solely in her capacity as a member of Perfect World Management, LLC. White further argued it was not the intent of the parties to the agreement to impose any personal obligation on her. On April 17, 2006, Brigdon and NAI also filed a motion for summary judgment against White.
 {¶ 5} By decision and entry filed April 21, 2006, the trial court denied appellant's motion for summary judgment. On June 8, 2006, appellant filed a "motion for final appealable order." By dismissal order filed June 12, 2006, the trial court granted appellant's motion, dismissing appellant's claims with prejudice.[1] The court's dismissal order further provided that, because White's third-party claims were all dependent upon appellant prevailing against White, the third-party claims of White "are now moot and are dismissed."
 {¶ 6} On appeal, appellant sets forth the following two assignments of error for this court's review: *Page 4 
 ASSIGNMENT OF ERROR NO. 1 — The trial court erred in denying Appellant Functional Furnishings' summary judgment motion.
 ASSIGNMENT OF ERROR NO. 2 — The trial court erred in deciding issues that were beyond the pervue of the summary judgment motion without first giving the parties the opportunity to present evidence and submit briefs.
 {¶ 7} We will initially address appellant's second assignment of error. Under this assignment of error, appellant argues that the trial court erred in deciding this matter based upon issues never raised in the motion for summary judgment, nor argued by the parties.
 {¶ 8} We first review the basis for the trial court's decision denying appellant's motion for summary judgment. In its decision, the trial court found it was not the intent of the parties to make Perfect World, Inc., a party to the agreement; rather, the court determined, "[i]t was a mistake." The court instead determined that the intent of the parties was to create a contract "between Functional Furnishings, Inc. and Perfect World, LLC." The trial court further held in relevant part:
 Once it is clarified that the parties intended the agreement to be between Functional Furnishing[s], Inc. and Perfect World, LLC, the personal liability of the Defendant is * * * controlled by the intent of the parties. The parties, as defined by the agreement are "Perfect World, Inc." and "Functional Furnishings." The Defendant's name is not mentioned anywhere in the agreement with the exception of the signature line which is above the typed words "Perfect World, Inc." and the hand written notation "Perfect World." In fact, Jeff Unger, president of Functional Furnishings, testified during his deposition that it was not the intention of the parties for Dana White to be obligated by the agreement but rather the entity that she represented. * * *
 Therefore, as the language of the agreement does not clearly and unambiguously create personal liability on the part of the *Page 5 
Defendant, the Court finds that the Plaintiff is not entitled to a judgment that as a matter of law it does.
 {¶ 9} On appeal, both parties appear to be in agreement that the trial court reformed the contract on the basis of a mistake. Appellant argues that the trial court apparently determined that the contract was subject to reformation or rescission based upon a finding of mutual mistake. Appellant contends that the court, in reforming the contract to be between appellant and Perfect World, LLC, erred in going beyond the scope of the original motion in rendering its decision. Appellant maintains it was never given the opportunity to address the issue of mutual mistake, nor was it afforded the opportunity to submit evidence on whether the agreement was subject to reformation based upon that theory.
 {¶ 10} In support of the trial court's decision, White argues that the court found either a mutual mistake or unilateral mistake, and then reformed the agreement to be between appellant and Perfect World, LLC. White describes the mutual mistake as: (1) appellant's belief it was dealing with an entity affiliated with White; and (2) White erroneously (through an agent) naming Perfect World, Inc., as a party to the agreement instead of Perfect World, LLC.
 {¶ 11} A review of appellant's motion for summary judgment indicates that appellant asserted White was personally liable based upon her alleged breach of express and implied warranties of authority. More specifically, appellant pointed to language in the agreement, stating in part, "[a]ll parties signing this Agreement have taken all duly authorized action necessary to authorize execution of this Agreement and to execute any and all documents related hereto, and each [party] may rely upon this section of the Agreement without the necessity of having further documentation to evidence such *Page 6 
authority." Appellant noted in its motion that the agreement identified the purchaser as "Perfect World, Inc.," and that White signed the agreement in the space provided for an authorized agent of Perfect World, Inc. Appellant argued that it relied upon White's express and implied warranties that she was authorized to sign the agreement on behalf of Perfect World, Inc., and that it had no reason to believe she was not an authorized agent of that entity.
 {¶ 12} In White's memorandum contra appellant's motion for summary judgment, White contended she was not a party to the agreement, and that, during the negotiation process, she was acting solely in her capacity as a member of Perfect World Management, LLC. In arguing it was not the intent of the parties to hold her personally liable, White cited R.C. 1705.48 for the proposition that members of a limited liability company are generally not personally liable as to obligations of the company. White also argued that Perfect World Management, LLC, would be solely liable for any breach of the agreement. Finally, White argued that summary judgment was inappropriate because the notice provision of the agreement was ambiguous.
 {¶ 13} As previously noted, White argues on appeal that the trial court could have reformed the agreement on the basis of either a mutual or unilateral mistake. We agree with appellant, however, that the issue of reformation on the basis of a mutual or unilateral mistake was never raised in the motion for summary judgment, nor addressed by the parties in their supporting briefs and materials. Thus, because appellant was not on notice of the need to address theories of mutual or unilateral mistake, nor afforded the opportunity to present evidence on those issues, we conclude that the trial court erred in its disposition of the summary judgment motion. See Kuhens v. Weaver (Apr. 5, 1996), Carroll App. No. 643 (where issue was raised for first time by trial court in its entry *Page 7 
granting summary judgment, and, therefore, appellants were never given the opportunity to address issue prior to judgment, trial court erred in granting summary judgment on that issue); Murray v. Grange Mut. Cas.Co., Stark App. No. 2003CA00047, 2003-Ohio-3365, at ¶ 7 (trial court should not have relied upon argument not asserted in summary judgment motion in granting motion for summary judgment).
 {¶ 14} Based upon the foregoing, appellant's second assignment of error is sustained, and this matter is remanded to the trial court for further proceedings.
 {¶ 15} Under its first assignment of error, appellant asserts that the trial court erred in denying its motion for summary judgment. However, in light of our disposition of the second assignment of error, finding that the trial court erred in disposing of the motion for summary judgment on issues not raised in the movant's motion, we decline to address appellant's first assignment of error. See Murray, supra, at ¶ 9 (where trial court erroneously based decision on argument not asserted by parties and failed to address issue raised on motion for summary judgment, appellate court would not consider such argument, in first instance, "until the trial court has had an opportunity to do so").
 {¶ 16} Based upon the foregoing, appellant's second assignment of error is sustained, appellant's first assignment of error is moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
SADLER, P.J., and FRENCH, J., concur.
[1] Generally, a trial court's denial of a motion for summary judgment is not a final, appealable order. Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 90. However, if a dismissal "`is with prejudice, the dismissedaction in effect has been adjudicated upon the merits.'" (Emphasis sic.)Chadwick v. Barbae Lou, Inc. (1982), 69 Ohio St.2d 222, 226, quoting Staff Note to Civ.R. 41. Thus, a voluntary dismissal with prejudice "is an adjudication on the merits and appealable under R.C. 2505.03."Tower City Properties v. Cuyahoga Cty Bd. of Revision (1990),49 Ohio St.3d 67, 69. Moreover, in this case, because the manner in which the trial court decided appellant's motion effectively determined the action in appellee's favor and prevented a judgment in appellant's favor, the decision was a final order under R.C. 2505.02. *Page 1