[Cite as *Cook v. Metro. Sewer Dist. of Greater Cincinnati*, 2022-Ohio-3245.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| RUSSELL M. COOK, | : | APPEAL NO. C-220051<br>TRIAL NO. A-2002391 |
| Plaintiff-Appellee, |  |  |
| vs. | : | *O P I N I O N.* |
| METROPOLITAN SEWER DISTRICT<br>OF GREATER CINCINNATI, | : |  |
| and | : |  |
| CITY OF CINCINNATI, | : |  |
| Defendants-Appellants, | : |  |
| and |  |  |
| BOARD OF COUNTY<br>COMMISSIONERS OF HAMILTON<br>COUNTY, OHIO, | : |  |
| and | : |  |
| JOHN DOE ENTITIES, | : |  |
| Defendants. | : |  |

Civil Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:   Reversed in Part and Cause Remanded and Appeal
Dismissed in Part

Date of Judgment Entry on Appeal: September 16, 2022

*McIntosh & McIntosh, PLLC*, and *M. Todd McIntosh*, for Plaintiff-Appellee,

*Andrew W. Garth*, City Solicitor, and *Joseph C. Neff*, Senior Assistant City Solicitor,
for Defendants-Appellants.

**MYERS, Presiding Judge.**

{¶1} Defendants-appellants the city of Cincinnati and the Metropolitan Sewer District of Greater Cincinnati ("MSD"), appeal from the trial court's entry that denied MSD's Civ.R. 12(B)(6) motion to dismiss the complaint filed by plaintiff-appellee Russell Cook and that sua sponte determined that MSD was not immune from liability pursuant to R.C. Chapter 2744. In two assignments of error, the city and MSD challenge both the trial court's denial of the motion to dismiss and its determination regarding immunity.

{¶2} We hold that the trial court erred in sua sponte determining that MSD was not immune from liability because the parties had not raised that issue and did not have an opportunity to address it before it was determined by the trial court. We further hold that our appellate review is limited to challenges to the trial court's immunity determination and that appellants' challenge to the trial court's denial of the motion to dismiss on grounds other than immunity is not otherwise reviewable by this court. We reverse the trial court's immunity determination and remand this case for further proceedings consistent with this opinion.

### *Factual and Procedural Background*

{¶3} Cook filed a complaint against MSD, the city, and the Hamilton County Board of Commissioners seeking to recover for damage to his property caused by sewage flooding from MSD's sewer system. The complaint alleged that in November 2017, MSD attempted to abate the sewage flooding in and onto his property, and that as part of the abatement activities, MSD agreed to place a backflow valve to prevent future flooding. According to the complaint, MSD failed to install the backflow valve, and extensive damage was caused to Cook's property when a second flood occurred.

{¶4} MSD filed a Civ.R. 12(B)(6) motion to dismiss, arguing that it is a subdivision of a municipal corporation that lacked the legal capacity to be sued and, consequently, that the complaint failed to state a claim against MSD upon which relief could be granted. Cook filed a memorandum in opposition to the motion to dismiss.

{¶5} The trial court denied the motion to dismiss, stating that "there is evidence that MSD has a history of involvement in legal actions in this jurisdiction refuting the stance that MSD does not have the legal capacity to sue or be sued" and finding that "MSD has the legal capacity to be sued." The trial court additionally undertook a political-subdivision-immunity analysis in its entry, despite the fact that the parties had not raised the issue of immunity. On the issue of immunity, the trial court stated:

> Here, Plaintiff's complaint contains allegations of injury or loss to persons or property caused by the alleged negligent performance of acts by their employees. In *Bibbs v. Cinergy Corp.*, supra [1st Dist. Hamilton No. C-010390, 2002 Ohio App.LEXIS 1629 (Apr. 12, 2002)], the First District Court of Appeals held that "under Ohio Revised Code §2744.01(G)(2)(d), the maintenance of a sewer system constitutes a proprietary function which clearly removes the shield of immunity from MSD." *Bibbs*, 2002 Ohio App. LEXIS 1629 at *10. In accordance with the First District, this Court similarly finds that the maintenance of a sewer system constitutes a proprietary function. As such, the Court does not find MSD immune from liability in this action.

* * *

Next, this Court must determine whether one of the defenses to the immunities listed in Ohio Revised Code §2744.03 are applicable. Here, MSD does not assert the applicability of O.R.C. §2744.03, nor does this Court find that any of the enumerated defenses apply.

{¶6} It is from this entry denying the motion to dismiss and determining that MSD is not immune from liability that MSD and the city appeal.

### *Immunity*

{¶7} For ease of our analysis, we address the second assignment of error first. In the second assignment of error, the city and MSD argue that the trial court erred when it denied immunity under R.C. Chapter 2744. They argue that the issue of immunity was not properly before the court to decide because it had not been raised in their motion to dismiss or by Cook in his memorandum in opposition.

{¶8} Pursuant to R.C. 2744.02(C), "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." We accordingly have jurisdiction to review the trial court's determination that MSD was not immune from liability. *See* Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03. And we agree with appellants that the issue of immunity was not properly before the court for it to determine.

{¶9} MSD filed a motion to dismiss on the ground that it was a subdivision of a municipal corporation that lacked the legal capacity to be sued. It never argued in the motion to dismiss that it was entitled to a grant of statutory immunity and was immune from liability in the civil action. Nor did Cook raise the issue of immunity in his memorandum in opposition to MSD's motion to dismiss. The trial court sua sponte

raised the issue of immunity when ruling on MSD's motion to dismiss. In doing so, the trial court deprived the parties of an opportunity to address the issue in any meaningful manner. *See Functional Furnishings, Inc. v. White*, 10th Dist. Franklin No. 06AP-614, 2007-Ohio-3284, ¶ 13 (the trial court erred in granting summary judgment on an issue that was not raised or addressed by the parties). In addition, the parties were potentially prevented from developing the record and presenting evidence on this issue in the form of summary judgment in the future.

{¶10} We accordingly hold that the trial court erred in determining that MSD was not immune from liability without giving the parties an opportunity to address the issue. We make no determination on the merits of any immunity claim. The first assignment of error is sustained.

### *Motion to Dismiss*

{¶11} In their first assignment of error, the city and MSD challenge the trial court's determination that MSD is an entity capable of being sued and argue that the trial court erred in denying MSD's motion to dismiss on that ground.

{¶12} This court only has jurisdiction to review final and appealable orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03. Denials of a motion to dismiss are generally not final orders subject to appellate review. *Gardner v. Ford*, 1st Dist. Hamilton No. C-150018, 2015-Ohio-4242, ¶ 4. An exception to that general rule is the denial of a motion to dismiss in which a political subdivision is denied the benefits of immunity, because, as discussed above, an order denying immunity is a final order.

{¶13} When a trial court's judgment denying a motion to dismiss is immediately appealable pursuant to R.C. 2744.02(C), as was the trial court's judgment

6

in this case, an appellate court's review is limited to alleged errors involving the denial of immunity. *Berdysz v. Boyas Excavating, Inc.*, 8th Dist. Cuyahoga No. 107109, 2019-Ohio-1639, ¶ 10. An appellate court is not authorized "to otherwise review the merits of a trial court's decision to deny a motion to dismiss." *Windsor Realty & Mgt., Inc. v. Northeast Ohio Regional Sewer Dist.*, 2016-Ohio-4865, 68 N.E.3d 327, ¶ 15 (8th Dist.); s*ee Korengel v. Little Miami Golf Ctr.*, 2019-Ohio-3681, 144 N.E.3d 1074, ¶ 17 (1st Dist.) (where a trial court's entry denying a motion for summary judgment on the basis of immunity was immediately appealable under R.C. 2744.02(C), appellate review was limited to errors involving the denial of immunity). So in this case, our appellate review is limited to considering alleged errors concerning the trial court's immunity determination, and we cannot otherwise review the trial court's denial of the motion to dismiss.

{¶14} There is no question that had the trial court not sua sponte raised and decided the immunity issue, its denial of a motion to dismiss on sui juris grounds would not be immediately appealable. We find that the trial court's inclusion of immunity in its decision does not change this.

{¶15} Appellants refer us to *Pinkins v. Mahoning Cty. Task Force*, 2021-Ohio-2414, 176 N.E.3d 76 (7th Dist.), to argue that this court should nonetheless review the trial court's denial of the motion to dismiss on the ground that MSD is an entity capable of being sued because such a determination is a preliminary question to immunity—in other words, they argue that a party's immunity is not relevant and does not come into play if the party is not capable of being sued in the first place.

{¶16} In *Pinkins*, plaintiff sued the Mahoning County Task Force seeking to recover money that her husband had forfeited upon his guilty plea to drug charges and

that was ordered to be distributed to the task force in a separate forfeiture action. The task force filed a motion to dismiss plaintiff's complaint, arguing that it was not sui juris and could not be sued. It additionally argued in the alternative that, if it was capable of being sued, it was immune from liability. *Id.* at ¶ 9. The trial court denied the motion to dismiss and the task force appealed. *Id.* at ¶ 13-14.

{¶17} On appeal, the Seventh District determined that the trial court's denial of a motion to dismiss that had asserted immunity was a final appealable order pursuant to R.C. 2744.02(C). *Id.* at ¶ 16. The court recognized that the motion to dismiss had additionally raised a sui juris argument in support of dismissal and that the denial of a motion to dismiss is ordinarily not a final appealable order. *Id.* at ¶ 16-17. But it found that in addition to challenging the trial court's immunity determination on appeal, the task force was also permitted to challenge the trial court's determination that the task force was sui juris and could be sued, stating that "in the context presented, sui juris is a preliminary question to immunity. If an entity is not capable of being sued, then immunity would not apply. Therefore, [the trial court's sui juris determination] is reviewable." *Id.* at ¶ 17. The court ultimately found that the task force was not sui juris and could not be sued, and, consequently, that any challenge to the trial court's immunity determination was moot. *Id.* at ¶ 23 and 25.

{¶18} We find *Pinkins* distinguishable from the case before us, primarily because the parties had raised the immunity issue in *Pinkins* and had the opportunity to address the issue in a meaningful manner before the trial court. Had the Seventh District not found the issue to be moot, it could have reviewed the trial court's immunity determination. In contrast, the immunity determination in the case before

us is not subject to review on the merits by this court, but rather must be reversed because the parties were not provided an opportunity to address it below.

{¶19} We accordingly hold that our appellate review in this case is limited to alleged errors concerning the trial court's immunity determination and that we cannot otherwise review the trial court's denial of the motion to dismiss. We have no jurisdiction to consider the first assignment of error, and we dismiss this portion of the appeal for lack of jurisdiction.

### *Conclusion*

{¶20} Because the parties were not provided an opportunity to address the issue below, the trial court's determination that MSD was not immune from liability is reversed. The judgment of the trial court is reversed in part, the appeal is dismissed in part, and the case is remanded for further proceedings.

Judgment accordingly.

CROUSE and WINKLER, JJ., concur.

Please note:
     The court has recorded its own entry on the date of the release of this opinion.