[Cite as *In re Estate of Goins v. YMCA of Cent. Ohio*, 2022-Ohio-3404.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Estate of Anthony Raye Goins<br>By and Through its Co-Administrators<br>Stefanie D. Young<br>and Theresa Marie Goins, | : | |
| | : | |
| | : | |
| Plaintiff-Appellant, | : | No. 22AP-92 |
| | : | (C.P.C. No. 21CV-2468) |
| v. | | |
| | : | (REGULAR CALENDAR) |
| YMCA of Central Ohio et al., | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on September 27, 2022

**On brief:** *Percy Squire Co., LLC,* and *Percy Squire*, for appellant. **Argued:** *Percy Squire.*

**On brief:** *Poling Law*, *Brant E. Poling*, and *Sabrina S. Sellers*, for appellees. **Argued:** *Sabrina S. Sellers.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, P.J.

{¶ 1} Plaintiff-appellant, the Estate of Anthony ("Tony") Raye Goins ("the Estate"), by and through its co-administrators Stefanie D. Young and Theresa Marie Goins, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, YMCA of Central Ohio ("YMCA"). For the following reasons, we reverse and remand.

## I. Factual and Procedural Background

{¶ 2} From June 26, 2020 until February 17, 2021, Tony Goins resided at a YMCA shelter in Columbus, Ohio. The day after he left the facility, he died. In April 2021, the

Estate filed a wrongful death and survivorship action against YMCA alleging YMCA's negligent conduct caused Tony to freeze to death from exposure to frigid weather conditions. In June 2021, YMCA moved for judgment on the pleadings. The next month, YMCA withdrew its judgment on the pleadings motion and filed a motion for summary judgment. The trial court granted YMCA's summary judgment motion based on the finding that Tony signed a waiver that absolved YMCA of any liability relating to his death. Alternatively, the trial court held that YMCA was entitled to judgment in its favor because it owed no duty to Tony upon his forced removal from the facility for rule violations.

{¶ 3} The Estate timely appeals.

## II. Assignment of Error

{¶ 4} The Estate assigns the following error for our review:

> The Trial Court erred when it granted [YMCA's] motion for summary judgment.

## III. Discussion

{¶ 5} In its sole assignment of error, the Estate contends the trial court erred in granting YMCA's motion for summary judgment. We agree.

{¶ 6} An appellate court reviews summary judgment under a de novo standard. *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 10th Dist. No. 20AP-563, 2021-Ohio-3898, ¶ 9. Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). The court reviewing the motion only may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C).

{¶ 7} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden

under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 8} Here, the trial court found that YMCA met its burden of demonstrating the absence of a genuine issue of material fact relating to the applicability of the liability waiver to the Estate's claims. YMCA submitted evidence demonstrating that, upon Tony's arrival at the YMCA facility in June 2020, he signed an intake packet containing a liability release provision that states in pertinent part: "I waive all liability of and hold harmless, the YMCA Shelter, its Board of Directors and staff for any injury I may suffer at the shelter or on its grounds." (Ex. A at 5, attached to Aug. 31, 2021 Def.'s Memo in Support.) By its terms, the liability release only applied to injury sustained "at the shelter or on its grounds." The Estate's complaint alleged that Tony's corpse was "found in the rear area of the shelter" on February 18, 2021. (Apr. 20, 2021 Compl. at 3.) YMCA contends that this allegation only can be construed to mean Tony sustained injury and died "at the shelter or on its grounds," as that phrase is used in the liability release. But even accepting this as correct, YMCA, in its answer, specifically denied the Estate's allegation that Tony was "found in the rear area of the shelter." Thus, the location of Tony's discovered corpse was not demonstrated in the pleadings, and no Civ.R. 56(C) evidence otherwise demonstrated the circumstances of Tony's death or where his body was found. Consequently, contrary to the trial court's decision, YMCA did not meet its burden of demonstrating the absence of a genuine issue of material fact concerning the applicability of the liability release.

{¶ 9} We also find the trial court erred in analyzing YMCA's duty to Tony as an alternate basis for granting YMCA's summary judgment motion. The issue of YMCA's duty to Tony was not raised by YMCA in support of its motion for summary judgment. As set forth above, the party moving for summary judgment bears the burden of informing the trial court of the basis for the motion and identifying those portions of the record that

demonstrate the absence of a genuine issue of material fact. *Dresher*, *supra*. Requiring a party to specify the basis upon which the summary judgment motion is brought allows the nonmoving party a meaningful opportunity to respond. *Wells Fargo Bank v. Smith*, 12th Dist. No. CA2012-04-006, 2013-Ohio-855, ¶ 52; *Blevins v. Hartman*, 5th Dist. No. 12CA116, 2013-Ohio-3297, ¶ 54. Thus, generally a trial court may not grant summary judgment based on an issue not raised in the movant's motion. *See Functional Furnishings, Inc. v. White*, 10th Dist. No. 06AP-614, 2007-Ohio-3284, ¶ 13 (noting it is error for a trial court to sua sponte grant summary judgment based on an issue not raised by the movant); *Shamrock v. Cobra Resources, LLC*, 11th Dist. No. 2020-T-0075, 2022-Ohio-1998, ¶ 98 (same). We therefore find the trial court erred by sua sponte granting YMCA's summary judgment motion based on an issue not raised in that motion.

{¶ 10} Further, even if YMCA had raised the duty issue in moving for summary judgment, the trial court's analysis of this issue was flawed. The existence of a legal duty may be established by common law, legislative enactment, or the particular circumstances of a case. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, ¶ 23. Whether a duty exists is a question of law for a court to determine. *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989). "There is no formula for ascertaining whether a duty exists. Duty * * * is the court's expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." (Internal quotations and citations omitted.) *Wallace* at ¶ 24. Ultimately, the existence of a duty depends on the foreseeability of the injury to the plaintiff. *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142 (1989). "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984).

{¶ 11} In this case, the trial court determined that because it was undisputed that YMCA expelled Tony from the shelter based on his violation of facility rules, YMCA owed no duty to Tony. But this reasoning was not limited to the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, as required under Civ.R. 56(C). YMCA's briefing in support of its summary judgment motion asserted that Tony was removed because he violated facility

rules by smoking and possessing whiskey, but a counsel's unsworn statement in a brief is not Civ.R. 56(C) evidence. *O'Brien v. Ravenswood Apts., Ltd.*, 169 Ohio App.3d 233, 2006-Ohio-5264, ¶ 27 (1st Dist.).  A review limited to the Civ.R. 56(C) materials in the record does not show that YMCA expelled Tony from the shelter because he violated facility rules.  Thus, the trial court erroneously based its duty analysis on a fact not demonstrated in Civ.R. 56(C) evidence.

{¶ 12} Because the trial court erred in granting YMCA's motion for summary judgment, we sustain the Estate's sole assignment of error.

## IV.  Disposition

{¶ 13} Having sustained the Estate's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

SADLER and JAMISON, JJ., concur.